John W. **BITTNER**, Leo J. Cousins, Ernest H. Klinge, Joseph Tylenda, Joseph A. Moreno, Frank J. Koontz, Anthony C. Rinkevich, James A. Wright, Joseph Consul and Sam S. Campagna, Plaintiffs,

v.

**ROADWAY EXPRESS, INC.**, a corporation, and Local Union No. 249, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an unincorporated labor organization, Defendants.

Civ. A. No. 65–444.

United States District Court
W. D. Pennsylvania.

Oct. 1, 1965.

J. Craig Kuhn, Richard D. Gilardi, Pittsburgh, Pa., for plaintiffs.

Rosenberg & Lubow, Pittsburgh, Pa., for defendant Roadway Express, Inc.

Ben Paul Jubelirer and Stuart E. Savage, Pittsburgh, Pa., for defendant Union.

WEBER, District Judge.

Plaintiffs bring this action against their former employer and their Union under the Labor Management Relations Act of 1947, 29 U.S.C.A. 141 et seq., to enforce alleged seniority rights under a collective bargaining agreement. The Court has jurisdiction under § 301 of that Act, 29 U.S.C.A. 185.

Plaintiffs allege that they were laid off by the closing of Employer's Pittsburgh Terminal in January 1962, and that they were entitled to be returned according to their seniority upon the reopening of defendant employer's Pittsburgh Terminal in January 1965. The defendant employer refused to grant them reinstatement at this time. Plaintiffs have brought suit to establish these rights.

There is no cause of action pleaded against defendant Union, plaintiffs' representative for collective bargaining. The Complaint states that the Union is joined because it is a party to the collective bargaining agreement in suit. The prayer asks that the Union be required to comply with the Order of this Court.

Both the defendant Employer and the defendant Union have moved to dismiss the complaints and for Summary Judgment in favor of the defendants. Defendants have filed exhibits, affidavits and depositions in support of such motions.

Under § 301 of the Labor Management Relations Act of 1947, a suit by members against their Union can only be maintained upon allegations of breach of its fiduciary duty to them. Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953).

No cause of action being pleaded against defendant Union, Summary Judgment of Dismissal will be granted on the claim against Defendant Union.

With respect to plaintiffs' claim for breach of the collective bargaining agreement against the employer, defendant Roadway Express, their position is that their rights are determined under the 1958–1961 contract, which did not provide for termination of seniority rights after a two year lay-off. This agreement expired by its own terms on May 31, 1961. Defendant employer asserts that plaintiffs' return to work during 1961 after that date, while employer had indicated its acceptance of the 1961–64 agreement, is an acceptance of that agreement. Both the 1961–64 and the later 1964–67 agreements require submission of seniority questions to the grievance procedure, and the determination of the grievance procedure is made final and binding.

A grievance form (No. 6304) was prepared by the local union representative and signed by several of the within plaintiffs in August 1964. It recited that it was being submitted under the 1961 and 1964 agreements. It fully recited the position of the plaintiffs with regard to their claim of seniority. It was processed by the Local Joint Council which was deadlocked. It was then considered in the next step by the Joint Area Grievance Committee. At that time the plaintiffs, for themselves, the Union Representative and the Employer representative all certified in writing that they had

an opportunity to fully present all facts and arguments to the Grievance Committee.

Plaintiffs have produced no evidence to rebut the conclusion that their contentions were fully and properly placed before the Grievance Committee. They rely solely on the argument that the 1961 and 1964 agreements do not apply to them since the last contract under which they worked was the 1958–1961 agreement.

 We are of the opinion that the plaintiffs are precluded from further litigating their position in this Court.

"Having voluntarily submitted to arbitration through their duly constituted representatives, I find no basis upon which dissatisfied individual constituent employees can attack an arbitration award in conformity with law and equity." J. Gourley in Panza v. Armco Steel Corporation, 208 F.Supp. 50, at p. 54 (W.D.Pa., 1962) aff'd 316 F.2d 69 (3rd Cir. 1963)

See also General Drivers v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Nix v. Spector Freight System, 264 F.2d 875 (3rd Cir., 1959).

In General Drivers v. Riss, supra, the Supreme Court held the grievance procedure to be "arbitration", and that the policy of Congress in the Act was to give the means chosen by the parties for settlement of differences full play.

"Thus, if the award at bar is the parties' chosen instrument for the definitive settlement of grievances under the Agreement, it is enforceable under § 301." (372 U.S. p. 519, 83 S.Ct. p. 791).

In view of our opinion that plaintiffs may not resort to the Court to litigate an issue that was freely and fairly presented in a grievance procedure which plaintiffs themselves instigated, either personally or through their representatives, and which by its terms was final and binding, we do not deem it necessary to pass upon the other legal arguments advanced by the parties.

### ORDER

And now this 1st day of October, 1965, summary judgment is granted to defendants, and plaintiffs' action against both defendants is dismissed.