WIGGINTON, Acting Chief Judge.
Plaintiffs have appealed a final judgment dismissing with prejudice their second amended complaint by which they seek a judicial declaration of their rights under a contract existing between the national labor union of which they are members, and ap-pellee as their employer.
By their complaint appellants allege that according to the terms of the agreement in question, as construed and interpreted *589 by them, they are entitled to certain levels of seniority measured by the length of their service with appellee, together with certain stated benefits flowing to them as a result of that seniority. They further allege that appellee has construed and interpreted the contract in such manner as to allow them considerably less seniority than that to which they are entitled; that the dispute between appellants and appellee arises from the different interpretation placed by each of them on the terms and provisions of the agreement in question, and because of this dispute appellants are in doubt as to their rights and privileges under the contract. Appellants finally allege that they have exhausted all of their administrative remedies as provided by the terms of the contract, and now have no recourse open to them except that provided by a court of law. Plaintiffs pray for a declaration of their rights with respect to the level of seniority to which they are rightfully entitled, and for such incidental damages as they may be found to have suffered as a result of having been deprived of work preferences which they could have elected to accept had their seniority been correctly computed by appellee.
Appellee filed its motion to dismiss the complaint on several grounds, among them being that the complaint fails to state a cause for declaratory relief and shows on its face, when considered in light of the contract attached as an exhibit and made part thereof, that plaintiffs are not entitled to the relief for which they pray.
Upon consideration of appellee’s motion to dismiss, the trial court found and concluded that the complaint did not state a proper cause of action for declaratory relief but essentially sought damages for an alleged breach of contract which could be determined only by a jury in an action based upon common law principles. The court further found that even if the complaint could be said to contain sufficient allegations entitling appellants to a judicial declaration of their rights under the contract as permitted by Chapter 87, F.S.A., that they nevertheless are precluded from the relief sought because of the clear terms and provisions of the contract itself. The court construed the contract to provide the exclusive administrative method of resolving all controversies which might arise between the parties regarding the matter of seniority, and to further provide that when a decision is made on such question by the appropriate labor-management committee constituted and created by the agreement, that such decision would be final and binding on both parties. The agreement does provide an exception entitling either party to recourse in the courts of law in the event of an unresolved controversy, but the facts alleged in the complaint do not bring this case within such exception.
Our review of the second amended complaint filed by appellants convinces us that it alleges sufficient facts to create a justiciable controversy on the issue of seniority under the contract in question entitling appellants to a judicial declaration as to the existence or nonexistence of a privilege or right asserted by them under the contract, and of a fact or facts upon which the existence or nonexistence of such right or privilege may depend.[1] The damages, if any, to which appellants might be entitled if the contract is ultimately construed in a manner favorable to them would be only incidental to the principal relief sought, and the presence of this issue in the case would not be a bar to the relief sought.[2]
Because of the foregoing it is our view that the court erred in concluding that the complaint does not state a cause of action for declaratory relief. This ruling, however, is not determinative of this appeal. The trial court, in its final judgment of dismissal, went further and rendered what we consider to be and treat as a judicial declaration of appellants’ right to maintain this action under the clear and unambiguous terms and provisions of the contract. We *590 have carefully considered the contract in light of the findings and conclusions reached by the trial court, and are in full accord that appellants pursued their administrative remedies in accordance with the grievance procedures set forth in the contract, and the final decision of the appropriate committee, even though adverse to their position, is final and binding between the parties and is not assailable by resort to the courts of this state in 'a proceeding of this kind.[3] Treating the final judgment of dismissal as a judicial declaration of appellants’ rights under the contract, we agree with the trial court as to the conclusion reached by it, and the judgment appealed is accordingly affirmed.
JOHNSON and SPECTOR, JJ., concur.

. F.S. § 87.01, 3T.S.A.

. F.S. § 87.12, F.S.A.

. Republic Steel Corporation v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965);
Bittner v. Roadway Express, Inc., 246 F. Supp. 62 (D.C.Pa.1965);
Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964).