360 So.2d 1 (1978)
Clarence JACKSON and Ethel Jackson, Individually, and As Parents of Deborah Ann Jackson, a Minor Decedent, and Willie Roy Jackson, Administrator to Be Appointed On Behalf of the Estate of Deborah Ann Jackson, Appellants,
v.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 77-24.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
Rehearing Denied June 7, 1978.
Jose Smith of Feldman & Abramson, P.A., Miami, for appellants.
R. William Rutter, Jr., County Atty. and Lawrence J. Langer, Asst. County Atty., West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
This is a wrongful death case in which the parents and the administrator of the estate of a deceased minor appeal the entry of a final judgment in favor of Palm Beach County. The final judgment was entered after the trial court dismissed the plaintiffs' second amended complaint and the plaintiffs elected not to amend further. The determinative issue is whether Palm Beach County, at the time of the child's death and under the circumstances alleged, had sovereign immunity. We hold that it did and affirm.
The plaintiffs alleged:
3. That PALM BEACH COUNTY is a political subdivision of the State of Florida.
4. That PALM BEACH COUNTY at all times material herein owned and maintained a body of water known as Lake Ida which is situated in Palm Beach County, Florida.
5. That PALM BEACH COUNTY at all times material herein owned and maintained land adjacent to and adjoining the above-described Lake Ida.
6. The defendant, PALM BEACH COUNTY, owned, maintained and utilized Lake Ida as a bathing area, and the adjacent land as a park or recreational area open to the public, and more particularly to the decedent, and as such the defendant PALM BEACH COUNTY, was engaged in operating a proprietary function *2 and not in operating a governmental function.
7. That on or about April 6, 1969, the said decedent drowned in Lake Ida within the confines of Palm Beach County, State of Florida.
8. Decedent's death was due to the negligent failure of said County, by and through the employees, servants, and agents, to have posted notice warnings or other caution to the minor decedent, and others of such tender years, that the waters near the shores of Lake Ida were dangerous, treacherous, and that the lake's ground beneath said waters had dangerous and hazardous drop-offs unknown to the minor decedent. Such trap was known or reasonably should have been known to defendant.
9. That defendant County was negligent, by and through its agents, servants and employees, in its failure to have properly inspected, maintained, or have otherwise provided that said waters were safe for the normal recreational uses intended, to-wit: bathing, swimming and wading by bathers.
10. That the minor decedent, while utilizing the defendant's recreational area, drowned by reason of being exposed to a sudden and unexpected drop-off in the lake bottom beneath said waters, which drowning was proximately caused by the foregoing negligence of the said County.
11. At all times material hereto defendant County had a duty to warn decedent of the sudden and unexpected drop-off in the lake bottom and/or to have corrected the danger and made the area safe for the use of the public, and more particularly the decedent.
12. At the time of her death decedent was a business invitee of defendant County.
It should be noted that the limited waiver of sovereign immunity allowed by Section 768.28, Florida Statutes, is not applicable in this case since the alleged wrongful death occurred before the effective date of the statute.
In an attempt to overcome the bar of sovereign immunity, the plaintiffs allege that by owning, maintaining and utilizing Lake Ida as a bathing area, and the adjacent land as a park or recreational area open to the public, Palm Beach County was engaged in a proprietary rather than a governmental function. But, as the supreme court said in Circuit Court of Twelfth Judicial Circuit v. Department of Natural Resources, 339 So.2d 1113 (Fla. 1976), the state and its agencies have absolute sovereign immunity absent waiver by legislative enactment or constitutional amendment. Cases such as Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957), the supreme court's landmark decision modifying the sovereign immunity of municipalities, are distinguishable because they involve municipal corporations, not the state or its agencies. The governmental/proprietary distinction, which has on occasion been viewed as a test for waiver of sovereign immunity, has almost invariably been crucial only in the cases involving municipalities.
In Circuit Court, Etc., the Department of Natural Resources was sued by the parents of a child killed at a state park. The supreme court held that the circuit court lacked subject matter jurisdiction because the Department was protected from suit by sovereign immunity. The parents in that case argued that the Department had waived sovereign immunity by engaging in the proprietary function of operating the park. The court rejected this argument and refused to apply the governmental/proprietary distinction to limit sovereign immunity of the state and its agencies.
Counties have traditionally been recognized as political subdivisions or agencies of the state. Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372 (1916). If this is true, then we see no reason, if the Department of Natural Resources prior to the enactment of Section 768.28 had sovereign immunity, why Palm Beach County in this case would not also have had absolute sovereign immunity.
The parents in the present case, as did the parents in Circuit Court, Etc., rely *3 upon two cases which are apparent exceptions to the general statements that the governmental/proprietary distinction is crucial only in cases involving municipalities. The first case, Suwannee County Hospital Corp. v. Golden, 56 So.2d 911 (Fla. 1952), is not controlling. As stated by the supreme court in Circuit Court, Etc., at page 1115: "We read this decision as holding only that a public corporation whose functions are local rather than state-wide does not share the sovereign immunity of the state." The other case relied upon by the plaintiffs is Butts v. County of Dade, 178 So.2d 592 (Fla. 3d DCA 1965). The supreme court in Circuit Court, Etc., at page 1115, said: "Without expressly overruling the Butts decision, we question the wisdom of its apparent extension of the Hargrove rationale to the county level." Although Circuit Court, Etc., may be factually distinguished from the present case because it involved the Department of Natural Resources rather than a county, the legal principle is the same. Article X, Section 13, Florida Constitution, provides absolute sovereign immunity for the state and its agencies absent waiver by legislative enactment or constitutional amendment. Prior to the effective date of Section 768.28 there had been no waiver. In Circuit Court, Etc., the supreme court held that the Department of Natural Resources, as an agency of the state, was immune from suit even though it was allegedly engaged in the proprietary function of operating a park. It follows that counties, which are also political subdivisions or agencies of the state, were also immune from suit. This is so even under the circumstances of the present case where Palm Beach County was allegedly engaged in the proprietary function of operating a park.
AFFIRMED.
CROSS, J., and DURANT, N. JOSEPH, Jr., Associate Judge, concur.