360 So.2d 104 (1978)
Robert E. KOENIG and Ethel J. Koenig, Appellants,
v.
Ashton TYLER and Metropolitan Dade County, Appellees.
No. 77-1047.
District Court of Appeal of Florida, Third District.
June 6, 1978.
Rehearing Denied July 17, 1978.
*105 Thomas F. Pepe, Miami, for appellants.
Stuart Simon, County Atty., and Alan J. Kan, Asst. County Atty., for appellees.
Before HENDRY, J., and GOMEZ, HELIO and CHARLES CARRROLL (Ret.), Associate Judges.
GOMEZ, HELIO, Associate Judge.
This is an appeal from Summary Final Judgment granting Appellees' Motion for Summary Judgment entered by John Gale, Judge, Circuit Court of Dade County. The facts pertinent to our decision are basically undisputed.
Appellants, Robert E. Koenig and Ethel J. Koenig, as plaintiffs below, sued Ashton Tyler, Director of Personnel of the other Defendant, Metropolitan Dade County, seeking monetary, declaratory and injunctive relief for the alleged deprivation of a right, privilege or immunity secured by the Constitutions of the United States and Florida. Their claim for relief arises from their involuntary resignation as Child Care Workers in the Group Home Program of the Youth Services Department of Metropolitan Dade County due to their unauthorized absence from work for a period of three consecutive days. The Appellants were employees of Appellee Metropolitan Dade County. As such employees, their wages, hours and terms of conditions of employment were governed by the Code of Metropolitan Dade County, the Metropolitan Dade County Personnel Rules, and any applicable Collective Bargaining Agreements.
On or about August 31, 1975, Appellants, Robert and Ethel Koenig, received a letter from the head of their department informing them that their resignation was accepted effective that date in accordance with Chapter VIII, Section 1, which states that "Unauthorized absences from work for a period of three (3) days may be considered by the department head as a resignation."
Appellants felt this was a "dismissal" and sought an appeal thereof, but were informed by their Union and appellees that they had no right to an appeal and that their only avenue for review was by petition to the Personnel Director. Appellants, instead of requesting such a hearing, demanded an appeal. Appellants treated this demand as a request for a hearing before the Personnel Director, and the hearing was arranged by the appellants' union representative.
*106 Thereafter, on September 15, 1975, in accordance with the provisions of Article 12(d) of the Collective Bargaining Agreement between Metropolitan Dade County and AFSCME Local 1363, Appellants met with the Personnel Director to review the circumstances leading up to the decision of their department head to treat their absence from the job as a resignation. At said meeting the Appellants were represented by counsel and the Union. After the conclusion of said hearing, on or about September 23, 1975, the Personnel Director issued his written findings of facts and concluded that the Appellants did abandon their job and that the head of their department acted correctly in treating same as a resignation.
On October 22, 1975, Appellants filed their action in the lower court seeking the relief hereinabove mentioned. On April 19, 1977, the lower court entered Summary Final Judgment in favor of Appellees. Thereupon, this appeal ensued.
The points raised in this appeal can be reduced to two basic questions. First is whether appellants' personnel rules or their application violate the due process or equal protection clauses of the Constitution of the United States; and second, whether the lower court erred in granting appellees' Motion for Summary Judgment and entering a Summary Final Judgment thereon.
We have the benefit of full and ample findings by the lower court in its Summary Final Judgment, as follows:
Chapter VIII, Section 1 of the Metropolitan Dade County Personnel Rules provides, in part, that "unauthorized absences from work for a period of three (3) days may be considered by the department head as a resignation".
Article 12(d) of the Collective Bargaining Agreement between Metropolitan Dade County and AFSCME 1363 states that:
"An employee who is absent without authorized leave for three (3) consecutive workdays and is considered to have abandoned the position shall have a right to petition the Personnel Director for a review of the facts in the case. The Personnel Director shall rule as to whether the circumstances constitute abandonment of position. Only facts concerning the alleged abandonment shall be considered by the Personnel Director. The Personnel Director's findings and rulings shall be in writing. The Personnel Director's decision shall be final and binding."
There is no question that the Plaintiffs were subject to the above referred-to personnel rule and collective bargaining provision. As Mr. Koenig testified at his deposition of March 16, 1976:
"Q. I gather you are a member of the Union, right?
A. Yes.
Q. And you understand that as a member of that Union in the classification of House Parent and then subsequently Child Care Worker I, that they (the Union) represented you regarding your salary, your hours, and your conditions of employment?
A. Conditions of employment, yes."
(Page 26, Deposition of Robert Koenig, March 16, 1976)
and as Mrs. Koenig testified:
"Q. Were you a member of the Union at that time, and paying dues?
A. Yes.
Q. When you became a member of the Union you were aware that the Union would bargain collectively for you regarding your salary and your terms and conditions of employment, is that correct?
A. Yes."
(Pages 25 and 26, Deposition of Ethel Koenig, March 16, 1976)
Moreover, the applicable law is clear that plaintiffs, having designated the Union to be their agent for collective bargaining purposes, are bound by agreements made by the Union on their behalf. To hold otherwise would make a shambles of all labor negotiations and would be a refutation of long experience in that field. See Schact v. City of New York, 39 N.Y.2d 28, 382 N.Y.S.2d 717, 346 N.E.2d 518 (1976); *107 Matter of New York Times Company v. Newspaper Guild of New York, Local 3, C.I.O., 2 A.D.2d 31, 152 N.Y.S.2d 884 (1956).
Nor is there any question that the Plaintiffs and the Union took full advantage of, and subjected themselves to, the provisions of Article 12(d). As testified to by Union Representative, John Withers
"Q. (paraphrased) Did you have a telephone conversation with Ashton Tyler on September 8, 1975?
A. Yes, back in September 8, 1975. That's when I set up an appointment for Monday, September 15, 1975 at 10:00 a.m. in Tyler's office.
Q. What did you say to him?
A... . That I wanted to set it up for him for the purpose of trying to rectify the situation.
Q. Did you ever tell Tyler that this appeal hearing was for the purpose that the Koenigs were requesting an appeal hearing to determine whether the circumstances of their absence from the job constituted abandonment of position as per Article 12 of the union contract?
A. That was primarily the purpose, yes.
Q. And then what happened?
A... . On September 9, I informed the members (the Koenigs) of the above meeting ... then on September 10, 1975, (I) received a call from the Koenigs' lawyer, Mr. Pepe, in reference to their case. (I) informed him that the hearing would be of an informal nature and that abandonment of position required such hearing by the Personnel Director.
Q. Now, at that hearing, were you present?
A. Yes.
Q. Were you representing the Koenigs at that hearing?
A. Yes."
(Pages 13-15, Deposition of John Withers, May 6, 1976)
Therefore, it is clear that the Plaintiffs pursued their administrative remedies in accordance with the procedures set forth in the Collective Bargaining Agreement, and were thus subject to the final and binding decision of the Personnel Director, even though adverse to their position.
We agree with appellees' contention that this appeal is governed by the case of Heath v. Central Truck Lines, Inc., 195 So.2d 588 (1st DCA, Fla. 1967) also cited by the lower court in its decision, wherein the First District Court of Appeal stated:
"[We] are in full accord that appellants pursued their administrative remedies in accordance with the grievance procedures set forth in the contract, and the final decision of the appropriate committee, even though adverse to their position, is final and binding between the parties and is not assailable by resort to the courts of this state in a proceeding of this kind."
(footnotes omitted, but see also Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965)).
The lower court concluded that the appellants were subject to the provisions set forth in the collective bargaining agreement entered into between Metropolitan Dade County and AFSCME Local 1363, and having pursued their administrative remedies in accordance with the grievance procedures set forth in said contract, the final decision of the Personnel Director was final and binding on the appellants and was not assailable by resort to the courts of this state in a proceeding of that kind; that the facts forming the basis of plaintiffs' complaint were not in dispute; that the Court found as a matter of law that plaintiffs were not deprived of any right, privilege or immunity secured by the Constitution of the United States or of the State of Florida, and was therefore entitled to enter the Summary Final Judgment. We agree and affirm.