FERGUSON, Judge.
This is an appeal from an order of the circuit court dismissing appellants’ petition for declaratory relief and damages based on breach of an employment-merger agreement. We affirm.
Appellants were full-time employees of the City of North Miami Beach Fire Department when the City’s fire protection services were merged into and made a part of the Metropolitan Dade County Fire Department. Under the terms of the merger agreement of April 1, 1978, the County agreed to accept all full-time regular employees of the City Fire Department who were employed as of December 31, 1977 and to assign them to appropriate classifications within the County’s system. The agreement provided that: “In the event any City employee is not in accord with the classification and pay rate to which he or she is allocated, then such employee shall have the right to use the County’s classification appeal procedure.” Appellants were dissatisfied with the classification they received and, pursuant to the agreement, requested a classification appeal to the Personnel Director as provided by Chapter IV, Section 6(d) of the Metropolitan Dade County personnel rules. The Director found that appellants had been properly classified. Appellants then petitioned the circuit court seeking declaratory relief and damages. In count one, appellants alleged as an action in contract that the classifications were not “appropriate” as required by contract and that the term “appropriate” as used in the *1062 contract was ambiguous. In count two, appellants alleged violation of due process with respect to a protected property interest in that the rules as applied to appellants lacked objective standards for determination of the classification. In count three, appellants alleged violation of equal protection in that certain limited openings were filled with higher-ranking union members and, in count four, appellants sought a writ of mandamus with respect to Stanley Sil-verman, not named in this appeal.
As merged employees, appellants are required to follow and were bound by the results of the grievance procedure provided in this merger agreement. See, e. g., City of Miami v. Fraternal Order of Police, 378 So.2d 20, 23 (Fla.3d DCA 1980) (a decision rendered through the method chosen by the parties to settle their contractual dispute is deemed final and binding); Koenig v. Tyler, 360 So.2d 104 (Fla.3d DCA 1978) (county employees bound by agreements made on their behalf). In such cases there is no general right to a de novo review of the decision. Review is limited to the question of whether the agency or official had jurisdiction for the action and whether there is competent substantial evidence to support the findings. There is generally, no right to an original action, including that of mandamus. See DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957).
In this case, appellants in their original petition failed to state facts sufficient to raise an issue of competent substantial evidence. We find that appellants were, in effect, seeking de novo review of the classification system and the petition was, therefore, properly dismissed by the circuit court for lack of jurisdiction.
We also find no error in the dismissal of appellant’s constitutional claims. Appellants had no constitutional right, as alleged, to a hearing prior to their classification determination, see, e. g., Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), and fail to state facts sufficient to support their other constitutional claims.
Affirmed.