DANIEL S. PEARSON, Judge.
In 1956, Elizabeth Collier, a paying patient at Dade County-owned Kendall Hospital, underwent surgery. Twenty years later, she discovered that a hemostat had been left in her body during this surgery and, understandably, sued the County and the surgeon, Dr. Mixson. The trial judge entered summary judgment in favor of the defendants, holding that the defense of sovereign immunity was a bar to Collier’s action against the County and Mixson, who, the trial court found, operated under the County’s aegis.[1]
Collier’s claims, while not discovered until 1976, are controlled by the law as it existed in 1956. Under the law as it then existed, the County, as we will hereafter demonstrate, was immune from suit; and even assuming, arguendo, that Mixson was an employee of the hospital acting within the scope of his official duty at the time of his alleged negligence, Mixson was not cloaked with the County’s immunity. Collier quite clearly had a special and direct interest in Mixson’s performance of his duty and has allegedly sustained a special damage. Just as clearly, Mixson’s duty to Collier was non-discretionary. Under these circumstances, Mixson is not immune. Rupp v. Bryant, 417 So.2d 1309 (Fla.1982). The summary judgment entered in Mix-son’s favor, otherwise unsupportable, is reversed.
The thrust of Collier’s argument against the summary judgment for the County is that, as of 1956, a paying patient in a hospital owned and operated by a county could recover damages against the county. She ingeniously suggests that because in 1956 one could argue that Suwannee County Hospital Corp. v. Golden, 56 So.2d 911 (Fla.1952), supported her position, she is therefore entitled to have the holding of Suwannee retroactively misinterpreted, notwithstanding that we now know from Circuit Court of Twelfth Judicial Circuit v. Department of Natural Resources, 339 So.2d 1113 (Fla.1976), that Suwannee, correctly interpreted, lends no such support to Collier’s position:
“In Suwannee County Hospital Corp. v. Golden, supra, a husband and wife sued the appellant, a non-profit corporation created by a special act setting up a county hospital district, to recover damages for injuries occasioned by the negligent application of hot water bottles to the wife while she was a patient in the defendant’s hospital. The Supreme Court held that the special act which immunized the hospital from liability for the negligent acts of its officers, agents and employees did not preclude recovery by an injured, paying patient. We read this decision as holding only that a public corporation whose functions are local rather than state-wide does not share the sovereign immunity of the state. The attempted statutory immunization of a local hospital district cannot be equated with a constitutional immunity from suit .... ” 339 So.2d at 1115 (emphasis supplied).
It is this “constitutional immunity from suit,” without regard to whether the county is engaged in a governmental or proprietary undertaking, that counties have historically and continually enjoyed. Keggin v. Hills-borough County, 71 Fla. 356, 71 So. 372 (1916); McPhee v. Dade County, 362 So.2d *697 74 (Fla. 3d DCA 1978); Jackson v. Palm Beach County, 360 So.2d 1 (Fla. 4th DCA 1978); Smith v. Metropolitan Dade County, 343 So.2d 653 (Fla. 3d DCA 1977); Schmauss v. Snoll, 245 So.2d 112 (Fla. 3d DCA 1971).[2] As the Florida Supreme Court said in Keggin v. Hillsborough County:
“While a county may in some respects resemble a municipality in that both organizations deal with public interests, their differences are so great that the cases discussing the latter’s liability in damages for the negligent omission to perform a public duty, are not analogous to those in which a liability is sought to be imposed upon a county. The one feature which sufficiently distinguishes them is that the counties are under the constitution political divisions of the State, municipalities are not. The county under our constitution being a mere governmental agency through which many of the functions and powers of the State are exercised, (citation omitted). It therefore partakes of the immunity of the State from liability.” 71 Fla. at 360, 71 So. at 373.
Collier correctly reminds us that we held in Butts v. County of Dade, 178 So.2d 592 (Fla. 3d DCA 1965), that the county was not immune from suit while engaged in the propriety endeavor of operating its bus system. However, in light of the Florida Supreme Court’s condemnation of Butts in Circuit Court of Twelfth Judicial Circuit v. Department of Natural Resources, supra, continued reliance on Butts is hardly possible.
“Without expressly overruling the Butts decision,[3] we question the wisdom of its apparent extension of the Hargrove [v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957) ] rationale to the county level. Unlike a municipality, a county has no corporate fund or other proprietary holding. It has long been held that counties act as arms of the state. Thus a persuasive argument, and one which this Court has accepted previously, could be made for including counties in the Constitution’s protection of the state from legal liability. See Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372 (1916).” 339 So.2d at 1115-16.
Finally, as must already be apparent, it is of no significance that in Smith v. Duval County Welfare Board, 118 So.2d 98 (Fla. 1st DCA 1960), our sister court chose to distinguish Suwannee on the ground that Suwannee involved a paying patient and Smith a charity patient. That ready distinction does nothing to give Suwannee any greater meaning than that given it in Circuit Court of Twelfth Judicial Circuit v. Department of Natural Resources, supra.
Therefore, we hold that the County is immune from suit arising out of the alleged negligent operation in 1956 of a county-owned hospital and affirm the summary judgment entered in its favor.
Affirmed in part; reversed in part, and remanded.

. Earlier, a predecessor judge denied the motion for summary judgment. We reject Collier’s argument that this action precluded the successor judge from revisiting the earlier interlocutory ruling. Alabama Hotel Co. v. J. L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924). See Agudo v. Agudo, 411 So.2d 249 (Fla. 3d DCA 1982). Compare Balfe v. Gulf Oil Company-Latin America, 279 So.2d 94 (Fla. 3d DCA 1973).

. While Collier’s action is in contract as well as tort, the County’s immunity is equally applicable to the contract action. Gay v. Southern Builders, Inc., 66 So.2d 499 (Fla.1953).

. Since Circuit Court of Twelfth Judicial Circuit v. Department of Natural Resources, supra, involved a state agency, not a county, making the Butts decision readily distinguishable, it was unnecessary for the Supreme Court to overrule Butts.