MILLS, Judge.
Local 1363 of the American Federation of State, County, and Municipal Employees (Local 1363) appeals the final order of the Public Employees Relations Commission (PERC) which held that the collective bargaining agreement between Local 1363 and Metropolitan Dade County does not violate Section 447.401, Florida Statutes (1981). We affirm.
Metropolitan Dade County entered into a collective bargaining agreement with Local 1363. That agreement was ratified by the Union membership and contained the following provisions:
Article 18, Section A. An employee may be disciplined only for just cause.
Article 18, Section H. All disciplinary actions except reprimands will be appeal-able by the employee, as provided in Section 2.47 of the Dade County Code, to a Hearing Examiner. The County agrees to attempt to add to the Hearing Examiner’s list, qualified attorneys with experience in labor relations matters. (Emphasis added).
Article 7, Section 3. Dismissals, demotions, suspensions, reductions in grade, reprimands, position classifications, classification appeal, job descriptions, performance evaluation appeals, disability determinations, and similar matters for which other appellate procedures are provided in the Code of Administrative orders of Metropolitan Dade County and/or Public Health Trust Personnel Rules or other provisions of this agreement, and formal counseling, are not subject to review as grievances. However, refusal to (1) process an application or appeal, (2) follow time limits, (3) permit an employee a right of representation, or (4) denial of the right to receive a reply, are expressly grievable. (Emphasis added).
Section 2-47 of the Dade County Code alluded to in Article 13, Section H of the contract is a civil service appeal procedure which provides for a hearing examiner appointed unilaterally by the county personnel director in rotation from a list of private attorneys. After the hearing examiner has conducted the hearing, he transmits his findings of fact, conclusions, and any recommendations, together with a transcript of the proceedings, to the county manager, who may sustain, reverse, or modify the decision of the hearing examiner.
Local 1363 contends that this method of dispute resolution violates Section 447.401 because it does not “have as its terminal step a final and binding disposition by an impartial neutral, mutually selected by the parties.” This contention is without merit.
While the Legislature has mandated that each public employer and bargaining agent must negotiate a grievance procedure, it has not, in Section 447.401, specified which issues must be included in the procedure. Section 447.401 must be read in pari mate-ria with Section 447.309(5), Florida Statutes (1981), which sets forth the matters which must be included in a collective bargaining agreement. That sections says that “[a]ny collective bargaining agreement ... shall contain all of the terms and conditions of employment ... except those terms and conditions provided for ... in applicable merit and civil service rules and regulations." (Emphasis added)
It is undisputed that Section 2-47 of the Metropolitan Dade County Code is a civil service rule and that all members of Local 1363 are civil service employees. Therefore, this agreement does not violate the mandate of Section 447.401.
Because the grievance procedure mandated by Section 447.401 need not cover the matters set forth in the contract, we hold that the parties are bound by the terms of *483 their agreement. Koenig v. Tyler, 360 So.2d 104 (Fla. 3d DCA 1978).
AFFIRMED.
ERVIN, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.