PER CURIAM.
Metropolitan Dade County appeals an order of the trial court granting final summary judgment in favor of the Dade County Police Benevolent Association and seven individually named police officers (PBA). For the following reasons, we reverse.
The underlying facts are not in dispute. Between 1982 and 1984, each of the named officers sustained accident-related injuries while traveling to or from work. Each officer claimed short-term disability benefits under section 2-56.27.1 of the Code of Metropolitan Dade County, which provides as follows:
Unless otherwise provided by agreement with a county employee or bargaining representative of a county employee, any employee who sustains a service-connected disability may be entitled to the following benefits, only after the injury has been investigated by the insurance management division and approval has been given by the division and the personnel division of the employee relations department[.]
Pursuant to article 3 of the collective bargaining agreement then in effect between the county and the PBA, disability determinations and like matters were deemed not grievable but subject to appellate procedures as provided in the county code or the agreement. Article 46 of the collective bargaining agreement set forth the procedure for appealing the denial of a short-term disability claim:
1. An employee who upon application for short term or long term diability [sic] leave as provided for by County Code shall have the opportunity to appeal the denial of such request.
2. The employee shall be given fourteen (14) days from date of receipt of the written denial in which to appeal said denial to the Personnel Division Director who shall schedule an informal hearing *1119 within thirty (80) working days. The employee may be represented at the hearing by a representative of his own choosing. 3. The Personnel Division Director’s decision shall be final, subject to review by the County Manager upon the employee’s request and shall not be arbitrable.
Four of the seven officers appealed to the county personnel director, who denied each officer’s claim based upon a finding that, for an injury to be “service-connected” within the meaning of section 2-56.27.-1, the officer had to be “in pay status” at the time of the accident. The director's determinations were reviewed by the county manager and upheld in every instance.
Having exhausted the administrative appeals procedure, the PBA filed a motion in circuit court seeking a declaratory judgment as to the officer’s rights under section 2-56.27.1. After certain procedural twists not germane to our analysis, the trial court granted PBA’s later motion for summary judgment. The trial court construed de novo section 2-56.27.1 in conformance with the term “course and scope of employment” under Florida’s Workers’ Compensation Law, chapter 440, Florida Statutes. Relying upon case law which has construed portal to portal injuries as occurring within the course and scope of employment, Sweat v. Allen, 145 Fla. 733, 200 So. 348 (1941); Metropolitan Dade County v. Nieves, 440 So.2d 434 (Fla. 1st DCA 1983), the trial court ordered the county to approve retroactively the officers’ applications for short-term disability benefits.
We find that the trial court erred as a matter of law in entering summary judgment in favor of the PBA, a conclusion mandated by our holding in Koenig v. Tyler, 360 So.2d 104 (Fla. 3d DCA 1978). In Koenig, county employees represented by a labor union brought a declaratory judgment action following an adverse decision by the personnel director concerning whether the employees had abandoned their jobs. Final and binding authority to make such decisions vested in the personnel director through a provision of the collective bargaining agreement between the union and the county. The trial court dismissed the action. We affirmed upon a holding that the county employees were bound by the terms of the collective bargaining agreement made by the union on their behalf. Accordingly, the adverse decision of the personnel director was not assailable by resort to the courts in an action for declaratory relief. Koenig, 360 So.2d at 107. See also District School Board of St. Johns County v. Timoney, 524 So.2d 1129 (Fla. 5th DCA 1988) (where collective bargaining agreement provides for nonjudicial forum of mandatory arbitration, remedy of trial on the merits not available); City of Miami v. Fraternal Order of Police, 378 So.2d 20 (Fla. 3d DCA) (decision rendered through method chosen by parties to settle contractual dispute deemed final and binding), cert. denied, 388 So.2d 1113 (Fla.1980).
As we stated in Fink v. Metropolitan Dade County, 403 So.2d 1060, 1062 (Fla. 3d DCA 1981), “[judicial] [rjeview is limited to the question of whether the agency or official had jurisdiction for the action and whether there is competent substantial evidence to support the findings.” Here, the question of such jurisdiction was not at issue, and the parties stipulated to the underlying facts.
The order granting summary judgment is reversed.
JORGENSON and LEVY, JJ., concur.