COPE, Judge
(concurring).
The Florida Supreme Court has recently reiterated the standard of review applicable for circuit court review of administrative action:
When the circuit court reviews the decision of an administrative agency under Florida Rule of Appellate Procedure 9.030(c)(3), there are three discrete components of its certiorari review.
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and *1120 whether the administrative findings and judgment are supported by competent substantial evidence.
Vaillant, 419 So.2d [624] at 626.[1] In so doing, the circuit court is not permitted to reweigh the evidence nor to substitute its judgment for that of the agency. Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979).
Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106, 108 (Fla.1989) (emphasis in original); accord DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957). That standard would appear to supersede Fink v. Metropolitan Dade County, 403 So.2d 1060, 1062 (Fla. 3d DCA 1981) to the extent of the inconsistency.[2] Under that standard, the parties are entitled to a determination of the correctness of the county’s interpretation of the ordinance.
While we are precluded on the present record from reaching the question presented, in my view the circuit court could reach the issue on petition for certiorari in an individual case.

. City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982).

. Even under the Fink standard, a determination that there is competent substantial evidence to support the administrative action necessarily includes consideration of the substantive legal principle governing the administrative decision.