# LYNN v METROPOLITAN DADE COUNTY DEPT. OF CORRECTIONS AND REHABILITATION

## Case No. 90-6131 (07)

Eleventh Judicial Circuit, Dade County

August 24, 1990

## APPEARANCES OF COUNSEL

**Mark T. Juanico, Esquire,** for plaintiff.

**Robert A. Ginsburg,** Dade County Attorney and **Lee Kraftchick,** Assistant County Attorney, for defendant.

## OPINION OF THE COURT

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER having come before the Court on Motion for Rehearing of the Defendant's Motion to Dismiss the Amended Com-

plaint, and the Court having considered the arguments of counsel and being otherwise duly advised, hereby grants the motion to dismiss for the reasons that follow.

## BACKGROUND

This action arises from the Plaintiff's termination from the position of sergeant at the Dade County Corrections and Rehabilitation Department. The Plaintiff appealed his termination in accordance with § 2-47 of the Code of Metropolitan Dade County to an independent hearing examiner. The hearing examiner concluded that the Plaintiff committed the offenses with which he was charged, but recommended that instead of being terminated, the Plaintiff should be demoted and required to serve a probationary period. The County Manager accepted the hearing examiner's findings and his recommendation for a demotion, but added a period of suspension to cover the time between the Plaintiff's dismissal and his reinstatement to the position of officer. The Plaintiff did not appeal the Manager's decision to the Appellate Division of the Circuit Court as permitted by § 2-47.1 of the Dade County Code.

Instead, three years later, the Plaintiff filed this lawsuit alleging that he was wrongfully discharged, that his discharge breached his employment contract with the County, that his discharge amounted to the intentional infliction of emotional distress and that he was wrongfully suspended and reprimanded.

## DISCUSSION

### 1. Jurisdiction

Before seeking judicial relief, public employees are required to exhaust any available civil service procedure. Once a decision is obtained through such a civil service proceeding, the court does not have the authority to reconsider that decision *de novo*. Because the complaint in this action seeks to completely relitigate the Plaintiff's discharge and suspension, the Court is without jurisdiction.

In *City of Miami Springs v Barad,* 448 So.2d 510 (Fla. 3d DCA 1983), the Third District granted a petition prohibiting the circuit court from exercising jurisdiction over a police officer's action seeking a declaration that he was wrongfully demoted, backpay and reinstatement to his former position, because civil service remedies were available. The court explained that the officer, "having voluntarily submitted himself to and fully utilized the administrative review procedures provided by the Miami Springs Code of Ordinances and having been accorded a quasi-judicial hearing before the civil service board on his claim of wrongful demotion, is not entitled to a *de novo*

hearing in the circuit court on this claim, but instead, must institute appropriate proceedings in the circuit court, sitting in its appellate capacity, to review the City's adverse determination." *Accord Metropolitan Dade County v Rudoff,* 544 So.2d 1118 (Fla. 3d DCA 1989); *Koenig v Tyler,* 360 So.2d 104 (fla. 3d DCA 1978).

In this case, the Plaintiff appealed his termination to a hearing examiner and the County Manager under § 2-47 of the Dade County Code. As a result of that appeal, the Manager reduced the termination to a demotion. If the Plaintiff was dissatisfied with the Manager's decision, his remedy was to seek review in the appellate division of the circuit court under § 2-47.1 of the County Code. He does not have the right to seek a *de novo* hearing in this court to determine whether he was wrongfully discharged.

The court similarly lacks jurisdiction over the Plaintiff's claim that he was wrongfully suspended. The suspension was reduced to a reprimand which was appealable to the Director of the Department of Corrections. As the Third District held in *Dade County v Rudoff,* 544 So.2d 1118 (Fla. 3d DCA 1989), when a public administrator is given the authority to decide an employment issue, the adversely affected employee does not have the right to relitigate the matter *de novo* in court. Judicial review of such administrative decisions is limited to an appeal to determine whether the administrator had jurisdiction and based his decision on substantial competent evidence. *Id.* The Plaintiff does not seek such a limited review in this action, but instead seeks to completely relitigate the basis for his suspension and reprimand. The Court does not have jurisdiction to reconsider the County's action in such a manner. *See Fink v Metropolitan Dade County,* 403 So.2d 1060 (Fla. 3d DCA 1981); *Koenig v Tyler,* 360 So.2d 104 (Fla. 3d DCA 1978).

## 2. *Wrongful Discharge*

Counts I and II of the Amended Complaint allege that the Plaintiff was wrongfully terminated and demoted from his position as a correctional sergeant. Count I is based on a breach of contract theory and Count II is based on a tort theory, but the courts of this state have held that there is no cause of action for wrongful discharge under either theory.

As the Third District held in *DeMarco v Publix Supermarkets, Inc.,* 360 So.2d 134 (Fla. 3d DCA 1978), *aff'd* 384 So.2d 1253 (Fla. 1980), "where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment

**213**

contract." *Accord, Hartley v Ocean Reef Club, Inc.,* 476 So.2d 1327, 1330 (Fla. 3d DCA 1985) ("A common law cause of action for retaliatory or wrongful discharge does not exist in Florida."); *Kelly v Gill,* 544 So.2d 1162 (Fla. 5th DCA 1989) ("a contract of employment (implied or express) which is indefinite as to term of employment is terminable at the will of either party without cause and an action for wrongful discharge will not lie."). This result is not altered by the fact that the Plaintiff has attempted to base his claim on various County rules and regulations because such "unilateral policy statements cannot, without more, give rise to enforceable contract rights." *McDonnell v Eastern Airlines, Inc.,* 499 So.22d 68, 69 (Fla. 3d DCA 1986); *Muller v Stromberg Carlson Corp.,* 427 So.2d 266, 270 (Fla. 2d DCA 1983). Because the Amended Complaint is based upon allegations of employment for an unspecified term, it does not state a claim for wrongful termination under either a contract or a tort theory.

### 3. *Intentional Infliction of Emotional Distress*

The courts of this state do not recognize a cause of action for the intentional infliction of emotional distress based upon the breach of an employment contract. As the Third District explained in *DeMarco v Publix Supermarkets, Inc.,* 360 So.2d 134 (Fla. 3d DCA 1978), *aff'd* 384 So.2d 1253 (Fla. 1980), "the controlling principle of law is that if the action is basically for breach of an employment contract, there can be no recovery from mental pain and anguish resulting from the breach unless such breach amounts to an independent, willful tort." *Accord, McDonnell v Eastern Airlines,* 499 So.2d 68 (Fla. 3d DCA 1986). The Amended Complaint in this action alleges nothing more than that the Plaintiff was discharged and suspended for reasons with which he disagrees. The employment actions alleged in the complaint are not sufficient to constitute the intentional infliction of emotional distress.

### 4. *Sovereign Immunity*

The County, as a subdivision of the state, is entitled to the protection of sovereign immunity. *Collier v Dade County,* 417 So.2d 695 (Fla. 3d DCA 1982). In order to avoid the bar of sovereign immunity, the Plaintiff must plead and prove that the Defendant has waived its immunity. *Arnold v Shumpert,* 217 So.2d 116, 120 (Fla. 1968). The Plaintiff has not alleged sufficient facts to avoid sovereign immunity in this case.

To the extent that the Amended Complaint seeks to allege a tort, the Plaintiff's action is barred by the provisions of Florida Statute § 768.28. The statute requires litigants to give notice of their claims in writing before bringing an action against state agency. The Florida Supreme

214

Court has held that "under § 768.28(6), not only must the notice be given before suit may be maintained, but also the complaint must contain an allegation of such notice." *Levine v Dade County School Board,* 442 So.2d 210, 213 (Fla. 1983). The Complaint in this action does not contain the required allegation. Because the incident giving rise to this action (the Plaintiff's discharge and subsequent demotion) occurred more than three years ago, it is too late for the Plaintiff to cure the defect in his pleading by filing a proper notice at this time. In such circumstances, the Supreme COurt has held that the complaint must be dismissed with prejudice. *Id.; Dukanauskas v Metropolitan Dade County,* 378 So.2d 74 (Fla. 3d DCA 1979).

To the extent that the Amended Complaint is intended as a claim for breach of contract, it is still barred because the Supreme Court has held that sovereign immunity bars contractual claims against state agencies unless they are based upon an express written instrument. *Pan Am Tobacco Co. v Department of Corrections,* 471 So.2d 4 (Fla. 1984). The Amended Complaint does not set forth any express written agreement, but instead relies on implied obligations arising from a variety of documents. The allegations of the Amended Complaint are not sufficient to avoid the County's sovereign immunity from contract claims.

For the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that:

1. The Defendant's Motion to Dismiss the Amended Complaint is granted.

2. This action is dismissed with prejudice and the Defendant shall go hence without day.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 24th day of August, 1990.