CASANUEVA, J.
The Board of County Commissioners of Sarasota County (“Board”) appeals a final order entered by the Public Employees Relations Commission (“PERC”) that determined it committed an unfair labor practice in the collective bargaining process with the Citrus, Cannery Food Processing and Allied Workers, Drivers, Warehousemen and Helpers, Local Union 173 (“Union”). PERC ordered the Board to cease and desist from imposing a contractual provision which excludes discipline from the collective bargaining agreement’s grievance and arbitration procedure. We agree with the Board’s contention that it did not commit an unfair labor practice when it elected to exclude employee disciplinary matters from the collective bargaining agreement. Accordingly, we reverse the final order issued by PERC.
On February 7, 1995, the Union was certified as the exclusive bargaining representative for certain Sarasota County employees. Negotiating sessions followed during which the Union and the County[1] reached tentative agreement on several issues. Whether the final contract would include provisions relating to employee *954 discipline was a major area of disagreement. The County’s position throughout the collective bargaining process was that employee discipline matters would not be contained in the final agreement, and would remain the solp province of the Board because the Board had in place a civil service disciplinary process to which all other employees were subject. The Board wanted to keep all employees within the same disciplinary system. Just as fervently, the Union sought the inclusion of these issues in what would be the first-ever contract between the Union and the Board.
In August 1996, the Union declared that the parties had reached an impasse. The parties then began the section 447.403, Florida Statutes (1995), procedures to resolve the outstanding impasse issues. First, a hearing was held before a special master. Before and during this hearing, the County continued to be willing to negotiate and, in fact, the parties resolved several outstanding issues during this time. Following the special master hearing, the Board, in accordance with section 447.408(4), held its own impasse resolution hearing and decided which versions of the provisions at impasse would be part of the final agreement. Thereafter, the County submitted the final Board-approved written collective bargaining agreement to the Union for ratification. The final agreement excluded the issues of employee discipline. The Union neither ratified nor rejected the collective bargaining agreement. Rather, it filed an unfair labor practice charge against the Board. After a full hearing before a PERC hearing officer, who made a recommended report, PERC resolved all claims, save one, asserted by the Union in favor of the Board. We now review the remaining claim, PERC’s finding that the Board must include the subject of employee discipline in the collective bargaining agreement so that disputes involving discipline are resolved through the agreement’s grievance and arbitration procedures.
The question presented is whether a section 447.501(l)(a) violation occurs when a public employer insists in the collective bargaining process that it will not include employee discipline as a subject covered by the collective bargaining agreement. If the public employees, through their union, possess the right to include this subject in the bargaining agreement under Part II of Chapter 447,[2] then such a position by the public employer would interfere with the public employees’ rights and would constitute, by definition, an unfair labor practice. Conversely, in the absence of such a right, there can be no unfair labor practice.
Section 447.401 does require one provision in all public employee labor contracts, that there be a negotiated grievance procedure for the interpretation or application of the .collective bargaining agreement. It further requires that the final step of such a process be binding arbitration by an impartial, neutral arbitrator. However, this section does not mandate which subjects must be included within a collective bargaining agreement. “While the Legislature has mandated that each public employer and bargaining agent must negotiate a grievance procedure, it has not, in section 447.701 specified which issues must be included in the procedure.” American Federation of State, County & Municipal Employees, Local 1363 v. Florida Public Employees Relations Comm’n, 430 So.2d 481, 482 (Fla. 1st DCA 1983). The right to exclude issues from a collective bargaining •agreement has been recognized by our supreme court. In City of Casselberry v. Orange County Police Benevolent Association, 482 So.2d 336, 340 (Fla.1986), the supreme court stated “a union and public employer would be perfectly within their rights to voluntarily exclude some aspect of their collective bargaining agreement from section 447.401 and utilize exclusively the dispute resolution machinery of a civil service board. All that would be required *955 is a mutual agreement to do so.” This conclusion is in accord with PERC holdings. PERC has stated:
[Although parties must negotiate wages, hours and terms and conditions of employment upon a proper demand, they cannot be compelled to agree to any particular proposal covering discharge and discipline. Consequently, we reaffirm our prior decision in which we held that we cannot require parties to a collective bargaining agreement to include a discipline and discharge provision in their contract. In re CWA, 4 FPER ¶ 4135 at 249 (1978) (parties cannot be compelled to agree to discipline or discharge proposals).
In Re: Petition for Declaratory State of Federation of State, County and Municipal Employees, Local 1363, 8 FPER ¶ 13278 (1982).
Therefore, we conclude that, in accord with long standing judicial and administrative law, the Board possessed the right to seek an agreement excluding discipline issues from the collective bargaining agreement, and, when such negotiations failed, the statute allowed the Board to impose such provision. See § 447.403(4)(d).[3] The Union does not possess the right under Part II of chapter 447 to compel the inclusion of discipline in a collective bargaining agreement. In the absence of such a right, there can be no unfair labor practice under section 447.501. PERC’s findings of fact, supported by substantial competent evidence, included that the County negotiated from the beginning its desire to exclude discipline from the grievance and arbitration procedure of the collective bargaining agreement. There is also no finding that the County sought to require the Union to agree to its position as a precondition to bargaining on mandatory matters, which would have been an unfair labor practice under Casselberry. Thus, the Board’s position on employee discipline and its final action in resolving this impasse issue did not constitute an unfair labor practice. Id. at 340.
In view of the foregoing, we reverse PERC’s final order and remand for the entry of a final order finding the Board did not commit an unfair labor practice under section 447.503. We also reverse the award of attorney’s fee assessed against the Board. Upon remand, PERC shall consider whether it is appropriate to assess attorney’s fees against the Union.
PARKER, C.J., and ALTENBERND, J., Concur.

. For purposes of this opinion, reference to the "County” means the bargaining ^gent for the Board.

. Part II of Chapter 447 is comprised of sections 447.201 through 447.609 that all deal with public employees.

. Section 447.403(4)(d) provides: "Thereafter, the legislative body shall take such action as it deems to be in the public interest, including the interest of the public employees involved, to resolve all disputed impasse issues.”
The Board, as the legislative body, even has the authority to impose disputed contractual provisions according to the manner in which it resolved the impasse issues, albeit for only a year, even in the face of a negative vote by the bargaining unit employees to ratify the contract. See § 447.403(4)(e).