PER CURIAM.
The appellant, Public Health Trust d/b/a Jackson Memorial Hospital (“PHT”), a Miami-Dade County agency operating the County’s public hospital system, appeals a non-final order granting a former county employee’s motion to compel arbitration. We reverse finding the employee violated the grievance provisions in the employer/union collective bargaining agreement by improperly seeking immediate arbitration.
*125 PHT terminated appellee, Heriberto Hernandez (“Hernandez”), after a preter-mination hearing and advised him that he had the right to appeal his termination using a grievance process outlined in the parties’ collective bargaining agreement. This agreement, negotiated between PHT and Hernandez’s Union, has a four-step grievance procedure concerning termination. The agreement provided that after the grievance procedure had been followed, if the Union was unsatisfied with the result, then it could seek arbitration.
Hernandez, however, chose not to use the grievance process beyond the preter-mination hearing and immediately petitioned for arbitration in the circuit court. Hernandez acted independently without further Union representation or Union approval.
In the circuit court petition, Hernandez argued that he was entitled to arbitration because he was a third-party beneficiary under the collective bargaining agreement citing Zac Smith & Co. v. Moonspinner Condominium Ass’n, Inc., 472 So.2d 1324 (Fla. 1st DCA 1985). The Zac Smith & Co. issue was whether a third-party beneficiary who sues on a contract was bound by the arbitration clause contained in the contract. The court held that a contractual provision requiring all disputes to be dealt with through arbitration applied to third-party beneficiaries. In this case, however, even if Hernandez was a third-party beneficiary, he could not require PHT to arbitrate utilizing Zac Smith & Co.’s reasoning because, as a third-party beneficiary, Hernandez was contractually obligated to follow the grievance procedure.
It is a well settled principal that a party, when bound by a collective bargaining agreement, must exhaust any administrative remedy prior to litigating in court. See, Kantor v. Sch. Bd. of Monroe County, 648 So.2d 1266 (Fla. 3d DCA 1995)(“To the extent that appellant contends there was a violation of a provision of the collective bargaining agreement, appellant was obliged to resort to the grievance procedure specified therein.”); Koenig v. Tyler, 360 So.2d 104 (Fla. 3d DCA 1978)(having designated the Union as their agent for collective bargaining purposes, County employees are bound by agreements made by the Union on their behalf).
As a member of the Union, Hernandez was contractually obligated to exhaust his administrative remedies by following the four-step grievance process prior to litigating in court. He failed to do so, and thus the petition to compel arbitration should have been denied. Accordingly, we reverse the order compelling PHT to arbitrate. See, Galbreath v. Sch. Bd. of Broward County, 446 So.2d 1045 (Fla.1984); City of Miami v. Del Rio, 723 So.2d 299 (Fla. 3d DCA 1998), review denied, 733 So.2d 515 (Fla.1999); City of Miami v. Fraternal Order of Police Lodge No. 20 of City of Miami, 378 So.2d 20 (Fla. 3d DCA 1979).
Reversed.