BARFIELD, J.
Florida Public Employees Council 79, AFSCME (hereinafter AFSCME) appeals the final judgment denying challenges to chapter 01-043, Laws of Florida, known as the “Service First” initiative, and to elements of the 2001 General Appropriations Act. The trial judge dismissed four counts of the complaint filed by AFSCME, granted summary judgment to Governor Jeb Bush as to three other counts, and denied AFSCME’s cross-motion for summary judgment. We affirm in part and reverse in part.
AFSCME is the certified bargaining agent for four bargaining units of State Career Service System employees, and the Governor is the statutory public employer of the employees represented. Negotiations began for a successor bargaining agreement in September 2000 for the collective bargaining agreement that was effective through June 30, 2001. On January 19, 2001, AFSCME was informed that the Governor had issued his Recommended Budget and that an impasse automatically came into being pursuant to section 216.163, Florida Statutes. The Florida Public Employees Relations Commission (PERC) selected a special master on February 21, 2001, and an impasse resolution hearing was conducted before the special master on March 12, 13, and 14, 2001. The special master’s recommendation was dated March 31, 2001, but was allegedly not received by AFSCME until April 3, 2001.
The Governor submitted proposed language to AFSCME on certain items and also filed objections with the legislature to the special master’s report and recommendations. A legislative committee conducted a public hearing on April 3, 2001, to consider and dispose of the collective bargaining impasse. On April 23, 2001, AFSCME submitted its response to the special master’s report and recommendations.
During the 2001 legislative session, the legislature passed chapter 01-043, Laws of Florida, amending various provisions of chapters 110, 216, and 447, Florida Statutes. The legislature also included proviso language in the general appropriations act regarding collective bargaining issues at impasse. On August 2, 2001, AFSCME filed a complaint in circuit court naming the Governor as the defendant.
In Count I of the complaint, AFSCME alleged abuse of the impasse resolution process and denial of due process of law. AFSCME argued that conducting the sole legislative impasse resolution hearing on the same day the special master’s report was received was a radical departure from section 447.403, Florida Statutes, which rendered the collective bargaining rights of AFSCME and its unit members meaningless, and the trial judge should therefore declare the fruits of the process unconstitutional. ■ AFSCME asserted that section 447.403 gave it an expectation that impasse issues would be submitted to a special master and that after the special master’s report issued, it would have an opportunity to discuss the recommendation *994 with its state-wide membership, engage in a reasonable discussion with the Governor in an effort to resolve issues, and present its position on any remaining issues to the legislative body for ultimate resolution. The trial judge dismissed this count of the complaint, finding that it appeared to allege unfair labor practices within the exclusive jurisdiction of PERC.
On appeal, AFSCME asserts that the trial judge erred in dismissing Count I of the complaint because PERC has no jurisdiction over the legislature and no authority to provide any remedy. We disagree. AFSCME initially sought and obtained a temporary injunction prohibiting the legislative committee from conducting the April 3, 2001, hearing. The committee conducted the hearing despite the judicial order. AFSCME then filed a motion asking the trial court to enforce the temporary restraining order and issue an order to show cause why the enjoined parties should not be held in contempt, and a hearing on the motion was scheduled for April 19, 2001. The Senate sought a writ prohibiting the trial court from proceeding with the hearing. The supreme court, in an opinion dated April 18, 2001, noted that section 447.403 sets forth a mechanism for resolving impasses, including appointment of a mediator or special master, and also sets forth a procedure to be implemented in the event that either party rejects the special master’s decision. The supreme court also noted that the first precept of separation of powers — that no branch may encroach upon the powers of another — was implicated in the matter and that the trial judge was without authority to enjoin the public hearing by the legislative committee. The supreme court observed that the petitioners were sued in their legislative roles and stated: “Florida courts have full authority to review the final product of the legislative process, but they are without authority to review the internal workings of that body.” Florida Senate v. Florida Public Employees Council 79, AFSCME, 784 So.2d 404, 409 (Fla.2001).
The allegations in Count I regarding improper actions on the part of the legislature were or should have been resolved in the action filed in circuit court against the legislature, which was subsequently addressed by the supreme court. To the extent Count I alleged improper actions on the part of the Governor, those allegations constitute an alleged unfair labor practice subject to PERC’s jurisdiction. We accordingly affirm the trial court’s dismissal of this count of the complaint.
Section 447.403, Florida Statutes (2000), provided for appointment of a mediator and/or special master. This section was amended by section 44 of chapter 01-043 to provide that if the Governor is the public employer, no mediator or special master shall be appointed and that, instead, the presiding officers of the legislature shall appoint a joint select committee to review the position of the parties and render a recommended resolution of all issues remaining at impasse. In Count VI of its complaint, AFSCME alleged that this amendment so severely undermined the collective bargaining process implemented by chapter 447 that it rendered the legislative scheme arbitrary and unreasonable and denied public employees their rights under article I, section 6, of the Florida Constitution. AFSCME argued that without the right to strike, the availability of a mediator and the ability to require participation of a special master were the only tools previously provided to facilitate impasse resolution, and that no rationale supported the prohibition on mediation. AFSCME also argued that without the persuasive power of a decision by a neutral expert in the field of labor relations, neither the Governor nor the legisla *995 ture would have any incentive to bargain in good faith. AFSCME requested that the trial judge declare section 44 of chapter 01-043 to be unconstitutional. The trial judge dismissed this count of the complaint, finding AFSCME, as a labor organization, had no standing to raise the issue because it sustained no definable or specific injury in fact and the trial judge had no power to issue advisory opinions concerning a hypothetical or potential claim.
On appeal, AFSCME argues it is directly affected by the change in the impasse resolution procedure and therefore has standing to raise the issue. AFSCME asserts it plainly has associational standing to represent its bargaining unit members, all of whom are regulated by the challenged provisions. AFSCME also argues that it is directly regulated by the challenged provisions, because public employees engage in collective bargaining through certified bargaining agents and the amendment regulates proceedings to resolve bargaining impasses between public employers and bargaining agents such as AFSCME.
We discern no basis for granting relief. As noted by the Governor, under prior law either party to collective bargaining negotiations could avoid mediation simply by requesting that PERC appoint a special master and the parties could agree to waive the appointment of a special master. Additionally, either party to the negotiations could reject the recommendations of the special master, assuming the parties used one. The Governor also notes that, unlike other public employers, the Governor is working under strict deadlines mandated by law and there has long been a statutory requirement for timely presentation of impasse issues to legislative committees for employees of the Governor regardless of use or completion of mediator or special master proceedings. Finally, if the Governor chooses not to bargain in good faith, the union can file an unfair labor charge with PERC. We therefore affirm the dismissal of this count of the complaint.
In Count IV of the complaint, AFSCME argued that as certified bargaining agent, it had a constitutional right to bargain over wages, hours, terms, and conditions of employment of its unit members, and that the legislature lacked the power to waive its right to bargain on any mandatory subject of collective bargaining. AFSCME asserted that various provisions of chapter 01-043, Laws of Florida, and proviso language in the 2001 general appropriations act unconstitutionally waived its right to collectively bargain. The trial judge granted the Governor’s motion for summary judgment on this count of the complaint, correctly finding the challenged portions of legislation did not violate the collective bargaining rights of AFSCME or its members.
In Count III of its complaint, AFSCME argued that the proviso language in the 2001 general appropriations act violated article III, section 12, of the Florida Constitution, which requires that the general appropriations act contain no provisions on any other substantive matters. The trial judge granted the Governor’s motion for summary judgment with regard to this count, finding no substantive law was changed by the challenged portions of the act and that the proviso language is directly and rationally related to appropriations.
Article III, section 12, Florida Constitution, provides: “laws making appropriations for salaries of public officers and other current expenses of the state shall contain provisions on no other subject.” In Brown v. Firestone, 382 So.2d 654, 664 (Fla.1980), the supreme court recognized *996 that two principles follow from an analysis of article III, section 12:
First, an appropriations bill must not change or amend existing law on subjects other than appropriations.... Were we to sanction a rule permitting an appropriations bill to change existing law, the legislature would in many instances be able to logroll, and in every instance the integrity of the legislative process would be compromised.
Second, article III, section 12, will countenance a qualification or restriction only if it directly and rationally relates to the purpose of an appropriation and, indeed, if the qualification or restriction is a major motivating factor behind enactment of the appropriation. That is to say, has the legislature in the appropriations process determined that the appropriation is worthwhile or advisable only if contingent upon a certain event or fact, or is the qualification or restriction being used merely as a device to further a legislative objective unrelated to the fund appropriated? This test possesses the dispositive virtue of permitting the legislature reasonably to direct appropriation use without hampering the gubernatorial veto power or abusing the legislative process.
As noted by AFSCME, the State’s last offer is a proposed modification of the collective bargaining agreement in such areas as disciplinary actions which may be grieved, grounds for disciplinary actions, the burdens of proof in arbitration under the contract procedure, and leaves of absence. The State’s last offer also suggests the parties adopt the employing agency’s layoff transition plan and section 110.227, Florida Statutes, as the procedure for effecting layoffs of bargaining unit members. We agree with AFSCME that neither the State’s last offer nor the proviso language of the General Appropriations Act at issue is related to any specific appropriation. We therefore hold that the challenged proviso language clearly violates article III, section 12 of the Florida Constitution.
AFFIRMED in part and REVERSED in part.
WOLF, C.J., and DAVIS, J., Concur.