PLEUS, J.
The underlying case involves a dispute between Binford and the City of Winter Springs (“the City”) over a sign ordinance which rendered his business sign nonconforming. Binford appeals two orders: an order granting directed verdict and final judgment for the City on his due process, selective enforcement and takings claims, and a final summary judgment for the City on his First Amendment claims.
We affirm the final judgment on Bin-ford’s due process, selective enforcement and takings claims without discussion. However, for the reasons discussed below, we reverse the final summary judgment on Binford’s First Amendment claims and remand for further proceedings.
In 1987, Binford erected a pole sign on his commercial property, which was located on State Road 434 in Winter Springs. In 1997, the City enacted an ordinance regulating signs along S.R. 434. Under the ordinance, Binford was required to change his pole sign to a monument sign, move his sign back from the ten foot property line setback, and landscape around the base of the sign. In 2002, Binford applied for a variance, which was denied. Binford filed a petition for writ of prohibition in circuit court, which denied it. Bin-ford appealed the denial and this Court *1099 per curiam affirmed. Binford v. City of Winter Springs, 873 So.2d 1234 (Fla. 5th DCA 2004) (table).
In April 2005, the Code Enforcement Board found Binford in violation and ordered him to come into compliance within ten days. Binford removed his sign within that time period and was never fined. Binford did not appeal the Code Enforcement Board’s ruling.
In February 2005, Binford filed a declaratory judgment action. Trial was ultimately set for October 23, 2006. On October 17, the City filed a motion for partial summary judgment. The motion alleged that the City was in the process of amending its ordinance and that the amendment process would be complete before the October 23 trial date. The City claimed that the amended ordinance effectively mooted all of Binford’s First Amendment challenges.
At the non-jury trial on October 25, the City’s attorney informed the court that the amended ordinance had passed on October 23 and was effective immediately. The Court heard evidence and directed a verdict for the City on Binford’s selective enforcement, due process and takings claims, but continued the remaining claims for a future summary judgment hearing, allowing Binford a sufficient time to respond to the City’s motion. The Court warned Binford that if he was going to challenge the newly amended ordinance as not being validly passed, it was his responsibility to file affidavits in opposition to the motion setting forth facts that show it was not validly passed.
The City timely filed two affidavits in support of the motion for summary judgment. The affidavits explained the amendment process and the attorney’s opinion that the amended ordinance would moot most of Binford’s arguments. The first affidavit alleged that the first reading of the amended ordinance was held on October 9, 2006, and was passed. The second affidavit alleged that on October 12, 2006, the City published notice of the second and final reading on October 23, 2006.
At the summary judgment hearing on December 7, 2006, Binford attempted to offer an affidavit in opposition to summary judgment. The affidavit alleged, among other things, that his First Amendment claims were not mooted by the recently amended ordinance because the amended ordinance was enacted in violation of Chapter 166, Florida Statutes, and was therefore void.[1] The trial court ruled that Binford’s affidavit was untimely and contained only legal argument. It granted the City’s motion for summary judgment, finding that the amended ordinance had mooted Binford’s First Amendment claims. It also expressly declined to pass on the validity of the amended ordinance as challenged in Binford’s affidavit.
Binford argues that he attempted to challenge the validity of the amended ordinance but the trial court refused to allow him to elaborate. It is well established that an affidavit in opposition to summary judgment which is filed on the day of the summary judgment hearing is untimely and the trial court has discretion to disregard it. See, e.g., Jarrett v. Publix *1100 Supermarkets, Inc., 609 So.2d 154 (Fla. 5th DCA 1992); Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc., 381 So.2d 1164 (Fla. 5th DCA 1980). If Binford’s affidavit had contained factual allegations in opposition to summary judgment, we would conclude that the trial court did not abuse its discretion in rejecting the affidavit as untimely. See Fla. R. Civ. P. 1.510(c). However, as the trial court noted, the affidavit contained only legal argument. We do not believe the trial court’s discretion extended to rejecting a legal argument Binford attempted to make at the hearing. The trial court should not have dismissed Binford’s First Amendment claims as being mooted by the recently amended ordinance without first considering his legal challenge to the validity of its enactment. Accordingly, we reverse the final summary judgment and remand the matter back to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.
PALMER, C.J., and LAWSON, J., concur.

. Section 166.041(3)(C), Florida Statutes (2006), requires that proposed ordinances which change the "list of permitted, conditional, or prohibited uses within a zoning category” must provide for public notice and hearings in the form of “two advertised public hearings on the proposed ordinance.” At oral argument, the City's attorney conceded that the ordinance needed to be advertised twice, and that if it was not, it was invalid. However, according to the City's affidavits, only the second hearing on the proposed ordinance was advertised.