SUAREZ, J.
The Miami Association of Firefighters Local 587 (“Firefighters’ Union”) appeals an order granting a motion to dismiss in favor of the City of Miami (“the City”). We affirm the trial court’s order.
On October 23, 2009, the Firefighters’ Union and the City entered into an agreement to provide for wages, fringe benefits and other terms of employment. Paragraph 18.18 of the agreement provided that the City knowingly and intelligently “waives its right not to fund any year of the agreement.” The agreement provides:
The city hereby knowingly, intelligently, and unequivocally waives its right not to fund any year of this agreement. The only exception to this waiver is in the case of a “true fiscal emergency,” which is unanticipated at this time.
In order for the City to establish “a true fiscal emergency” so as to lawfully not fund any year or years of this agreement, the City must demonstrate that there is no other reasonable alternative means of appropriating monies to fund the agreement for that year or years.
An exception under the waiver in the agreement exists in the case of a “true fiscal emergency.” On April 30, 2010, the City wrote to the Firefighters’ Union, claiming that a financial emergency required modification of the agreement. On August 31, 2010, the City unilaterally took action to modify downward wages, insurance, pension, and other Firefighters’ benefits. The Firefighters’ Union brought a complaint against the City for declaratory and injunctive relief on constitutional grounds. The Firefighters claim that the City violated the Firefighters’ collective bargaining rights guaranteed by Article I, Section 6 of the Florida Constitution by not following the procedures of sections 447.403, 447.4095, Florida Statutes (2010), and by conducting a shade meeting in vio *95 lation of section 286.011, Florida Statutes (2010), the Sunshine law. The trial court dismissed the action, ruling that the Public Employees Relation Commission (“PERC”) preempted the circuit court from hearing the issues raised. This appeal by the Firefighters’ Union follows.
The Firefighters’ Union alleges in its Verified Complaint for Declaratory and In-junctive Relief that “despite the provisions of Section 447.4095 and the statutory procedures under Section 447.403 ... the City unilaterally took action to modify downward wages, insurance, pension benefits and other benefits.” In other words, the Firefighters’ Union claims that, by acting unilaterally and not following the statutory requirements of sections 447.4095 and 447.403, the City abridged the Union’s constitutionally guaranteed right of collective bargaining. The Firefighters’ Union bases its allegations on the fact that the City unilaterally adopted a resolution that modified certain wages, healthcare and pension benefits, effective September 30, 2010. This was done in contravention of the statutory requirement that, in the event of a financial urgency, the City was required to hold a meeting between the chief executive officer or representative, and the bargaining agent or representative to negotiate the impact of the financial urgency.[1] The statutes further require that, in the event the dispute was not resolved within fourteen days, an impasse shall have been deemed to have occurred and, after declaration in writing, a mediator appointed to assist in resolution of the impasse.[2] Clearly, this was not done in this situation.
The issue presented on appeal is whether a violation of the requirements and procedures under the Collective Bargaining Agreement and those provided in Florida statutes creates an issue within the jurisdiction of the circuit court prior to being heard by PERC. We agree with the trial court that it does not.
*96 The weight of authority holds that, before resorting to the courts, “one must pursue and exhaust any extra judicial or administrative remedy which may provide the relief sought.” City of Miami v. Fraternal Order of Police, 378 So.2d 20 (Fla. 3d DCA 1979); accord., Kaufman v. Machiedo, 357 So.2d 739 (Fla. 3d DCA 1978); Koenig v. Tyler, 360 So.2d 104 (Fla. 3d DCA 1978); Fredericks v. Sch. Bd. of Monroe Cty., 307 So.2d 463 (Fla. 3d DCA 1975); Jacksonville Roofing & Sheet Metal Contractors Ass’n v. Local Union No. 435, 156 So.2d 416 (Fla. 1st DCA 1963). As held by the Supreme Court in Republic Steel Corp. v. Maddox, 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), actions for breach of collective bargaining agreements may not be maintained unless the complaining employee or his union first attempts and exhibits the “use of the contract grievance procedure agreed upon by employer and union as the mode of redress.” PERC governs the Collective Bargaining Agreement before us and requires submission of all unresolved issues to an appointed mediator or special magistrate. See § 447.403. Therefore, we hold that affirmance of the trial court’s order is mandated here. Commc’n Workers of Am. v. Indian River Sch. Bd., 888 So.2d 96 (Fla. 4th DCA 2004) (holding that labor union cannot bypass PERC’s jurisdiction where failure to follow collective bargaining process is alleged and school board unilaterally modified health insurance plan due to perceived “financial urgency”); City of Miami, 378 So.2d at 24.
The Firefighters’ Union’s allegations of constitutional violations under Article I, Section 6 and Article I, Section 9 are unavailing. Even where allegations of unfair labor practices, defined as unilateral changes in a term or condition of employment, see Commc’n Workers of Am., 888 So.2d at 100, present issues of denial of due process of law, PERC has exclusive jurisdiction, and such a complaint is subject to dismissal. Fla. Pub. Employees' Council v. Bush, 860 So.2d 992 (Fla. 1st DCA 2003); see also Commc’n Workers of Am. v. City of Gainesville, 697 So.2d 167 (Fla. 1st DCA 1997) (holding that PERC has jurisdiction to hear allegations of unfair labor practices that violate statutory and constitutional rights); see Manatee Educ. Ass’n v. Sch. Bd. of Manatee Cnty., 62 So.3d 1176 (Fla. 1st DCA 2011) (deferring to PERC interpretation of section 447.4095 after dismissal below; issues of the right to bargain collectively under Art. I, section 6, Fla. Const, raised).
Because the Firefighters’ Union must exhaust its administrative remedies first, and PERC has jurisdiction in the first instance to adjudicate the allegations of constitutional rights and statutory violations as complained of here, we uphold the dismissal of the complaint below.
Affirmed.

. Section 447.4095, provides:
In the event of a financial urgency requiring modification of an agreement, the chief executive officer or his or her representative and the bargaining agent or its representative shall meet as soon as possible to negotiate the impact of the financial urgency. If after a reasonable period of negotiation which shall not exceed 14 days, a dispute exists between the public employer and the bargaining agent, an impasse shall be deemed to have occurred, and one of the parties shall so declare in writing to the other party and to the commission. The parties shall then proceed pursuant to the provisions of s. 447.403. An unfair labor practice charge shall not be filed during the 14 days during which negotiations are occurring pursuant to this section.

. Section 447.403, provides:
(1) If, after a reasonable period of negotiation concerning the terms and condition of employment to be incorporated in a collective bargaining agreement, a dispute exits between a public employer and a bargaining agent, an impasse shall be deemed to have occurred when one of the parties so declares in writing to the other party and to the commission. When an impasse occurs, the public employer or the bargaining agent, or both parties acting jointly, may appoint, or secure the appointment of, a mediator to assist in the resolution of the impasse. If the Governor is the public employer, no mediator shall be appointed.
(2)(a) If no mediator is appointed, or upon the request of either party, the commission shall appoint, and submit all unresolved issues to, a special magistrate acceptable to both parties. If the parties are unable to agree on the appointment of a special magistrate, the commission shall appoint, in its discretion, a qualified special magistrate. However, if the parties agree in writing to waive the appointment of a special magistrate, the parties may proceed directly to resolution of the impasse by the legislative body pursuant to paragraph (4)(d). Nothing in this section precludes the parties from using the services of a mediator at any time during the conduct of collective bargaining.