PER CURIAM.
The City of Miami appeals a circuit court order granting a motion for temporary injunction sought by the Miami lodge of the Fraternal Order of Police and its president (together, “F.O.P.”). The circuit court concluded that the City Manager could not, as a matter of law, invoke the “financial urgency” statute, section 447.4095, Florida Statutes (2012), without formal action or authorization by the Miami City Commission, and that the circuit court could address the question before F.O.P. exhausted its administrative remedies. The statute provides an expedited collective bargaining process when invoked, with an impasse resulting in prompt (and preemptive)[1] submission of the dispute to the Public Employees Relation Commission (“PERC”).
We conclude that the temporary injunction should be vacated because the requirements for such an injunction were not established.[2] “A temporary injunction *1238 is an extraordinary and drastic remedy which should be sparingly granted.” Cordis Corp. v. Prooslin, 482 So.2d 486, 489 (Fla. 3d DCA 1986). Ordinarily, the petitioner seeking a temporary injunction must establish “(1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the petitioner outweighs any possible harm to the respondent; and (4) that .the granting of a temporary injunction will not disserve the public interest.” Id. at 489-90. F.O.P. presented no evidence to the trial court in support of the motion for a temporary injunction.
F.O.P. asserts, and the trial court found as a matter of law, that irreparable harm may be presumed when the violation of an applicable law or ordinance is established, citing P.M. Realty & Investments, Inc. v. City of Tampa, 779 So.2d 404 (Fla. 2d DCA 2000). In this case, however, the applicable statute does not expressly require the City Manager to obtain an authorization before invoking the financial urgency procedure. Further, F.O.P. has not demonstrated that its remedy in a later charge before PERC on this claim will be unavailing or inadequate.
The collective bargaining agreement (“CBA”) between the City and F.O.P. is subject to Chapter 447, Florida Statutes (2012). Section 447.4095 specifies that the “chief executive officer” of a public employer is to meet as soon as possible with the employees’ bargaining agent to negotiate the effect of “a financial urgency requiring modification of an agreement.” The statute does not require the chief executive officer’s legislative body to approve or authorize such an action, nor does the statute specify that the legislative body must formalize the underlying conclusion that a “financial urgency” is in effect.
Under section 15 of the City of Miami City Charter, the City Manager is the head of the administrative branch of the city government and is responsible for all units of the city government under the City Manager’s jurisdiction. Section 16 of the Charter grants the City Manager control over “all departments and divisions” of the City. Under those sections, the City Manager (or the City Manager’s designee) executes contracts and other instruments.
Under section 2.1 of the CBA, the City Manager (or his designee) is the representative of the City for purposes of collective bargaining negotiations. As a matter of law, then, F.O.P.’s argument that the City Manager’s invocation of financial urgency was ultra vires and void lacks any textual support in the pertinent ordinances and statutes.
 Further, that dispute itself would be under the preemptive administrative jurisdiction of PERC rather than the initial jurisdiction of the circuit court. And finally, the public employer is not required to prove the existence of financial urgency before invoking the statutory process for modifying the CBA. Manatee Educ. Ass’n., FEA, AFT (Local 3821), AFL-CIO v. Sch. Bd. of Manatee Cnty., 62 So.3d 1176, 1178 (Fla. 1st DCA 2011). After the fourteen-day statutory period has run, F.O.P. “is free to file an unfair labor practice charge disputing the employer’s claim of ‘financial urgency,’ ” a charge which is to be heard and decided by PERC. Id. After exhausting its administrative remedies, F.O.P. may then obtain judicial review of PERC’s final order.[3]
*1239 The trial court balanced “a devastating loss to the FOP and its members” against the simple requirement that the City Commission take a vote authorizing the City Manager to invoke the financial urgency process. But F.O.P. and its members had not yet suffered any particular loss. F.O.P.’s remedies before PERC were intact. In the event of adverse rulings by PERC regarding the City Manager’s authority or the actual existence of financial urgency, F.O.P. could appeal and seek a stay.
F.O.P.’s brief and the trial court’s'temporary injunction assert that this element has been established because “it can never be a disservice to the public to require its government to observe the law” (citing Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982)). But as noted, F.O.P. did not establish below or here that the City failed to observe the law. In this instance, the public interest is served by permitting the City and the F.O.P. to bargain expeditiously and to follow the statutory process recognized by Chapter 447 and thus by the CBA itself.
Our assessment of the availability of remedies and the likelihood of success does not pretermit the consideration of the issues by PERC should F.O.P. raise them there. Based on our review of the applicable legal authorities and the absence of any evidentiary record, however, we conclude that the order below must be vacated.[4]
Reversed; order of August 20, 2012 vacated.

. Miami Ass’n. of Firefighters Local 587 v. City of Miami, 87 So.3d 93 (Fla. 3d DCA 2012).

. Upon the City’s motion, this appeal was expedited for briefing and argument. We entered an order vacating the injunction on *1238 September 6, 2012, specifying that our more detailed written opinion would follow.

. §§ 447.504, 120.68, Fla. Stat. (2012).

. We also deny the F.O.P.'s motion to dismiss this appeal. We conclude from our review of the pertinent ordinances that the City Manager and City Attorney's office had and have the requisite authority to commence and prosecute this appeal.