DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOTT ISRAEL, SHERIFF OF BROWARD COUNTY,**
Appellant,

v.

**ANTHONY CASTRO,**
Appellee.

No. 4D14-414

[March 25, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE09027861.

Carmen Rodriguez of Law Offices of Carmen Rodriguez, P.A., Palmetto Bay, for appellant.

Teri Gutman Valdes of Teri Gutman Valdes LLC, Coral Gables, for appellee.

WARNER, J.

The Sheriff of Broward County appeals a final summary judgment finding appellee, Anthony Castro, was wrongfully terminated from his position as deputy sheriff. The Sheriff contends that the court erred in finding that Castro was not required to exhaust his administrative remedies pursuant to a collective bargaining agreement between the Sheriff and the deputies. Concluding that Castro was required, and failed, to exhaust administrative remedies under the agreement, we reverse.

After Anthony Castro's employment as a deputy sheriff was terminated, he sued the Sheriff of Broward County for declaratory and injunctive relief. Castro alleged he was hired as a deputy sheriff cadet in February 2007, and was promoted to deputy sheriff on September 27, 2007, at which time he began serving a one-year probationary period. On October 8, 2008, he was advised in a memorandum that the probationary period would be extended by six months. Then, in January 2009, he was allegedly terminated due to a failure to meet probationary standards.

Castro alleged that, under the governing collective bargaining agreement ("CBA"), the standard probationary period for new members was twelve months, and the Sheriff could extend this period only for an additional six months prior to the expiration of the original twelve-month period. Because he had continued working beyond the probationary period before the Sheriff had attempted to extend it, he alleged that he was no longer a probationary employee and should not have been considered terminable at will. The complaint generally alleged that he had exhausted available administrative remedies or that doing so would be futile. Castro requested that the court declare that he had attained permanent status and order his reinstatement with back pay and benefits.

After the Sheriff responded to the complaint, both sides moved for summary judgment. The Sheriff argued the questions relating to the probationary provisions of the CBA should be determined by an arbitrator pursuant to Article 33 of the CBA and section 447.401, Florida Statutes (2009), which requires public employers to establish grievance procedures. Moreover, the Sheriff argued, for a probationary deputy to be entitled to continue in employment as a deputy, the Sheriff was required to take some affirmative action. Because the Sheriff had not taken any action during the probationary period, the Sheriff contended Castro had no expectation of continued employment.

At the hearing on summary judgment, Castro argued that under the Broward County Code, since he had completed his probationary period as defined in the CBA, he could not be fired unless he was afforded the procedural due process protections. Despite his reliance on the CBA to establish his status, he claimed he was not asking the court to interpret it. He maintained that the issue was one governed by the County Code and therefore not subject to arbitration.

The Sheriff argued that Castro should have followed the grievance and arbitration procedure of the CBA, and because he had failed to do so, he could not show that he had exhausted administrative remedies. Castro responded that he could not have filed a grievance, because the Sheriff contended that he was a probationary employee, and probationary employees were not entitled to utilize the grievance procedure. The Sheriff replied that Castro still could have filed a grievance and, if it had been denied on the grounds that he was a probationary employee, he could have filed a complaint alleging he had no remedy.

The court entered summary judgment for Castro, denying the Sheriff's cross-motion. The court ruled that Castro "was not required to exhaust his administrative remedies pursuant to the CBA based on management's

position that he was a probationary employee pursuant to the Broward County Code[.] [Castro] completed his probationary period and was not able to be subjected to dismissal without notice and right to appeal." The court directed Castro's reinstatement and awarded him back wages, attorney's fees and costs. The Sheriff appeals.

The Sheriff argues that Castro was required to utilize the grievance procedure outlined in the CBA before filing suit, and thereby exhaust his administrative remedies. The CBA grievance procedure provides for arbitration, and the Sheriff argues that Castro's claim that his probationary status had ended and even the question of arbitrability itself are properly subject to arbitration. Because Castro failed to do so within the time frame provided in the CBA, the Sheriff argues, his lawsuit is precluded. Castro, on the other hand, contends that the CBA provisions do not apply.

"The weight of authority holds that, before resorting to the courts, 'one must pursue and exhaust any extra judicial or administrative remedy which may provide the relief sought.'" *Miami Ass'n of Firefighters Local 587 v. City of Miami*, 87 So. 3d 93, 96 (Fla. 3d DCA 2012) (quoting *City of Miami v. Fraternal Order of Police*, 378 So. 2d 20, 23 (Fla. 3d DCA 1979)). Thus, "actions for breach of [CBAs] may not be maintained unless the complaining employee or his union first attempts and exhibits the 'use of the contract grievance procedure agreed upon by employer and union as the mode of redress.'" *Id.* (quoting *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965)) (affirming dismissal of firefighters' complaint because of failure to exhaust administrative remedies); *see, e.g.*, *Public Health Trust v. Hernandez*, 751 So. 2d 124, 125 (Fla. 3d DCA 2000) (former county employee's motion to compel arbitration should have been denied because employee violated CBA grievance provisions by seeking immediate arbitration in circuit court, instead of completing four-step grievance procedure; holding, "It is a well settled principal that a party, when bound by a [CBA], must exhaust any administrative remedy prior to litigating in court."); *Town of Lauderdale-By-The-Sea v. Behan*, 629 So. 2d 1102, 1102 (Fla. 4th DCA 1994) ("[A]ppellee was bound by the terms of the [CBA] between the parties to submit his grievance and any request for remedies to arbitration. . . . Hence we find the trial court erred in ordering the appellee reinstated to his employment with full back pay. If the appellee seeks further relief, he must proceed under the terms for arbitration set out in the parties' agreement.").

Under the Broward County Code of Ordinances, deputy sheriffs are public employees subject to Chapter 447 of the Florida Statutes. *See*

Broward County Code of Ordinances, Sec. 18-6(e)(1)-(2).[1]    Section 447.401, Florida Statutes (2009), requires public employers to "negotiate a grievance procedure to be used for the settlement of disputes between employer and employee, or ground of employees, involving the interpretation or application of a collective bargaining agreement [CBA]." Article 33 of the CBA governing the Broward County deputy sheriffs establishes such a grievance procedure and provides the procedure must be used to resolve questions involving interpretation of the CBA:

> 33.1: . . . [T]he parties hereto agree that they will promptly attempt to adjust all complaints, disputes, controversies or **other grievances arising between them involving questions of interpretation or application of the terms and provisions of this Agreement** as provided herein.

> 33.2: A grievance shall be defined as any controversy or dispute arising between the parties **involving questions of interpretation or application of the terms and provisions of this Agreement.**

(Emphasis added.)

The issue on which Castro sought a declaratory judgment was whether, at the time his employment was terminated, he was a probationary employee or a permanent employee.  If the latter, his employment could not have been terminated "except for just cause and after notice and a hearing, through an arbitration or similar process which assures the deputy sheriff procedural due process."  Broward County Code of Ordinances, Sec. 18-6(d)(2).  And if he had achieved permanent status, he could not have been fired, as he was, for failure to successfully complete the probationary period.

Section 18-6 of the Broward County Code defines a deputy sheriff as a law enforcement officer who has, *inter alia*, "completed a satisfactory probationary period[.]"  Broward County Code of Ordinances, Sec. 18-6(b)(2).  The code does not specifically define the probationary period, only stating it is "that period of time designated by the sheriff[.]"  Broward County Code of Ordinances, Sec. 18-6(b)(3).  Instead, Article 40 of the CBA

---

[1]The code is  available online at the following address:
https://www.municode.com/library/fl/broward_county/codes/code_of_ordinances?nodeId=PTIICOOR_CH18LAEN_ARTIINGE_S18-6PESTCEEMSH

governing employment of Fort Lauderdale deputy sheriffs defines the probationary period as twelve months, and allows extension of the period:

> 40.2: **The standard probationary period for all new bargaining unit members will be twelve (12) months** of continuous . . . employment from the date that the bargaining unit member obtains certification and is working as a full-time bargaining unit member of [the Sheriff's Office]. Bargaining unit members will be considered probationary until they have performed the duties of a full-time certified law enforcement deputy for twelve (12) consecutive months. **Prior to the expiration of this time period**, the Sheriff shall either: (1) approve retention of the bargaining unit member, at which time the bargaining unit member shall be granted permanent status; or (2) **extend the bargaining unit members probation for up to an additional six (6) months**; or (3) in the event the Sheriff shall fail to approve retention, the bargaining unit member shall automatically be separated from employment, said separation being absolutely final, with no rights of appeal to any authority including either the grievance/arbitration procedure contained herein, or any disciplinary review process established by the Sheriff's policy and procedure.

(Emphasis added). The CBA also provides that, during the probationary period, newly hired officers do not have the right to file grievances:

> 40.3: During a newly hired bargaining unit member's probationary period, he/she serves at the will and pleasure of the Sheriff. Accordingly, a newly hired probationary bargaining unit member may not grieve, or otherwise challenge by any other available procedure, any decision involving discipline and/or discharge.

Whether Castro was a probationary employee or a permanent employee depends on the interpretation of Article 40 of the CBA. Although Castro states that he is seeking a determination of rights under the County Code, because the code defines the probationary period as one designated by the Sheriff, the CBA provides the method of determining Castro's status. Moreover, Castro contended that at the time of his termination he was a permanent employee. Therefore, as such, he should have filed a grievance regarding his termination under the CBA procedures.

5

*City of Miami v. Fraternal Order of Police Lodge No. 20 of City of Miami*, 378 So. 2d 20, 23 (Fla. 3d DCA 1979), supports a finding that Castro had to first pursue grievance and arbitration procedures of the CBA.  There, two police officers were summarily discharged during their probationary status.  They disagreed with their superiors as to whether they were entitled to a pre-termination advisory hearing before a disciplinary review board under the governing CBA.  Disregarding grievance and arbitration procedures under the CBA, the officers filed suit for reinstatement and back pay because of the failure to provide a hearing.  The trial court entered a judgment for the officers, finding their failure to exhaust administrative remedies was not dispositive, because the officers relied on their supervisor's instructions that they would have no right to a hearing as probationary employees.

On appeal, the Third District reversed.  It concluded that the dispute involved the interpretation and application of the CBA and thus was subject to the grievance procedure in the agreement.  It rejected the officer's contention that officers did not have to pursue an administrative remedy as a result of their superiors' position that, as probationary employees, they were not entitled to an arbitration hearing.  The court noted:

> [T]hese statements [by the superiors] were no more than expressions of the employer's position on the Merits of the issue in contention, concerning which the [union and the two officers] obviously held the opposite view.  At no time, did any representative of the city indicate that it would not submit the issue of who was right in that controversy to the grievance-arbitration procedure or would not abide by the resulting decision. . . .  It would be a strange doctrine indeed under which an employee could relieve himself of engaging in the grievance process merely by supinely accepting an adverse decision of his employer as unchallengeable until the filing of an action in court.  Such a rule would render the exhaustion principle itself entirely meaningless.

*Id.* at 25.  The court also reasoned, "Analytically and temporally, acts by an employer which are alleged to be substantive breaches of a [CBA] . . . cannot also serve as anti-remedial acts constituting employer repudiation of the grievance and arbitration procedure established for the resolution of those earlier substantive breaches." *Id.*

Similarly, the dispute as to Castro's status unquestionably required an interpretation of the CBA provisions.  Thus, it was subject to arbitration

6

under the CBA.  That the Sheriff claimed that Castro was a probationary employee and not entitled to arbitration did not relieve Castro of the obligation to file a grievance.  After all, as he claimed he was a permanent employee, he would necessarily be subject to the grievance and arbitration procedure in the CBA.

We follow *Fraternal Order* and reverse the trial court's summary judgment.  Because Castro failed to exhaust his administrative remedies, we remand and direct entry of a judgment in favor of the Sheriff.

CIKLIN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***