# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3021
Lower Tribunal No. 09-34414
_____

**Carlos Bello,**
Appellant,

vs.

**Miami-Dade County, Florida,**
Appellee.

Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Terri Guttman Valdes, for appellant.

R.A. Cuevas, Jr., Miami-Dade County Attorney, and Eric A. Rodriguez and Javier Zapata, Assistant County Attorneys, for appellee.

Before SALTER, EMAS and SCALES, JJ.

SCALES, J.

Carlos Bello, the plaintiff below ("Bello"), appeals the order of the trial court granting final summary judgment in favor of defendant Miami-Dade County

(the "County") on the basis that Bello failed to exhaust his administrative remedies. Because we conclude that a Collective Bargaining Agreement (CBA) required Bello to grieve and arbitrate his employment dispute with the County as a prerequisite to filing suit in circuit court, we affirm.

## I. Facts

Bello was an employee of the County and a member of a union, The Government Supervisors Association of Florida, Local 100. At all times material, Bello's employment was subject to a CBA between the County and Bello's union.

The CBA incorporates by reference the County's personnel regulations, including, specifically, section 2-47 of the County Code governing appeal hearings for dismissed employees.[1] Article 7.1 of the CBA provides for the resolution of all employee grievances solely through a grievance and arbitration procedure.[2] Article

---

[1] Section 2-47 reads, in relevant part, as follows: "Any employee may be suspended or reduced in grade or dismissed by the head of his department or designee thereof as approved in the manner provided for in an administrative order for any cause which will promote the efficiency of the service. . . . Any employee who has completed the probationary period may appeal the action to a hearing examiner within fourteen (14) days by requesting the same in writing of the Personnel Director. . . . All hearings requested pursuant to this section shall be commenced within sixty (60) days from the time the notice of appeal is received by the Personnel Director unless the employee requests additional time to prepare his appeal or requests that the hearing be continued pending the outcome of a related criminal proceeding, or requests additional time for other good reason."

[2] Article 7.1 reads as follows: "In a mutual effort to provide harmonious working relations between the parties of this Agreement, it is agreed to and understood by

2

7.2 of the CBA defines a grievance as "any dispute that an employee . . . may have arising out of the interpretation or application of the terms of this Agreement." Article 7.3 describes employment-related subjects that are not grievable, such as "[d]ismissals . . . for which other appellate procedures are provided in the Code of Miami-Dade County . . . ."

During the time Bello was a County employee, Bello served as a board member for the American Federation of State County and Municipal Employees, Local 121 (AFSCME). In this capacity, he was arrested in 2005, and charged with grand theft of AFSCME funds. The County terminated Bello's employment, attributing Bello's dismissal to the pending criminal charges.

As authorized in section 2-47, Bello timely requested an appeal hearing, which was scheduled initially for July 12, 2005, and then was postponed, at Bello's request, by mutual agreement. Pursuant to the parties' agreement to postpone Bello's appeal hearing, Bello expressly agreed to waive any back pay or reinstatement rights during the continuance period.

Between the postponement of Bello's appeal hearing and a prospective rescheduling of the appeal hearing, the State Attorney, on December 14, 2005, dropped the criminal charges against Bello. The County maintains that the State

---

both parties that the following shall be the sole procedure for the resolution of grievances regarding interpretation, application, and enforcement of this Agreement arising between the parties."

Attorney dismissed the criminal charges against Bello as part of a plea agreement in which Bello agreed not to seek further employment with the County. Bello disputes the existence of any plea agreement.[3]

In March of 2006, approximately three months after the State Attorney dropped the criminal charge against Bello, Bello's newly-hired labor counsel, Teri Guttman Valdes, sent a letter notifying the County that Ms. Valdes would be representing Bello; and, shortly thereafter, Ms. Valdes filed her notice of appearance in the appeal hearing proceeding.

On May 3, 2006, the County responded to Ms. Valdes' notice of appearance, advising Ms. Valdes that the County would not be rescheduling Bello's appeal hearing. The County's letter stated that Bello had agreed he would seek no further employment with the County as a condition of the dismissal of the criminal charges against Bello. Thus, the County found no justification for rescheduling Bello's appeal hearing. The County's letter stated that the County previously had informed Bello's criminal attorney of the County's posture regarding Bello's appeal hearing.

---

[3] On April 25, 2006, the State Attorney's Office sent the County a letter stating that an agreement was reached between Bello and the State. According to the letter, under the agreement Bello would not seek further employment with the County, but was "free to seek administratively whatever benefits he felt entitled to because of his previous employment: i.e. accumulated sick leave, accumulated annual leave, etc."

On July 12, 2006, Ms. Valdes sent the County a follow-up letter seeking "a written detailed explanation of the basis" for the County's position. On July 13, 2006, the County responded to Ms. Valdes, reiterating its position that, as Bello had agreed he would seek no further employment with the County, no appeal hearing would be held.

On August 16, 2006, Ms. Valdes responded to the County's July 13, 2006 letter stating, in relevant part, that "…you have made the County's position regarding the 2-47 hearing clear."

On September 12, 2006, the County sent Ms. Valdes another letter reiterating its position that Bello relinquished his right to an appeal hearing as part of Bello's agreement with the State Attorney to drop the criminal charges against Bello.

The record reveals no further correspondence between the parties until more than two years later when, on September 26, 2008, Ms. Valdes, sent the County a letter demanding that the County both: (1) reinstate Bello, and, (2) reschedule the section 2-47 appeal hearing. On October 2, 2008, the County responded to Ms. Valdes's September 26, 2008 letter by again stating the County's position that Bello had waived both his right to reinstatement and a section 2-47 appeal hearing "in connection with the resolution of his criminal prosecution."

5

Another year passed and, in August of 2009, Bello filed the instant action against the County in Miami-Dade Circuit Court. While couched in four counts, Bello essentially alleged that the County violated the terms of section 2-47 and Bello's due process rights by not rescheduling the section 2-47 appeal hearing that initially had been scheduled for July 12, 2005.

The trial court granted the County's motion for summary judgment, determining that Bello's dispute with the County was subject to the grievance procedures outlined in the CBA, and, because Bello had not filed a grievance, Bello had failed to exhaust his administrative remedies.

**II. Analysis**

*A. Standard of Review*

Our review of the trial court's grant of summary judgment is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Similarly, we apply a de novo standard of review to a trial court's interpretation and construction of a contract such as the CBA. Royal Palm Property, LLC v. Deutsche Lufthansa Aktiengesellschaft, Inc., 133 So. 3d 1108, 1110 (Fla. 3d DCA 2014).

*B. Issue on Appeal*

6

The distinct issue in this case is whether the parties' employment dispute constitutes a grievance under the CBA. In other words, was the County's refusal to re-schedule Bello's section 2-47 appeal hearing – as a consequence of the County's grasp of the terms of Bello's alleged plea agreement with the State – an arbitrable determination under the CBA? If the dispute between the County and Bello constituted a grievance as defined by the CBA, then the dispute was required to be arbitrated under the CBA and Bello was required to exhaust the administrative remedies set forth in the CBA before filing suit.

### C. *Dismissal and Right of Appeal*

Article 2 of the CBA functions, in part, as an incorporation clause of County personnel regulations, including section 2-47 of the County Code. Article 13 of the CBA more specifically incorporates section 2-47 when it provides: "The parties agree that Section 2-47 of the Code of Miami-Dade County will be the exclusive method of disciplinary action appeals."

Section 2-47 allows the dismissed employee the right to request an appeal hearing to challenge the County's disciplinary action. The hearing must be commenced within sixty days of the time the County receives the notice of appeal; however, the employee may request additional time "pending the outcome of a related criminal proceeding[.]" Miami-Dade County, Fla. Code § 2-47.[4]

---

[4] As referenced, supra, as a condition of its agreement to the initial postponement of Bello's appeal hearing, the County demanded that Bello waive any back pay and

7

D. *Grievance Procedure for Non-Dismissal Disputes*

While section 2-47 provides the exclusive remedy for dismissal disputes, Article 7 of the CBA establishes a grievance procedure for non-dismissal employment disputes. For such non-dismissal disputes between the County and its employees, Article 7.2 defines a grievance as "any dispute that an employee . . . may have arising out of the interpretation or application of this Agreement."

Article 7.3 of the CBA sets forth those items that are not subject to grievance and arbitration because "other appellate procedures are provided in the Code of Miami-Dade County." Consistent with section 2-47, among the items in Article 7.3 that may not be grieved is an employee's dismissal.

E. *Bello's Argument*

Essentially, Bello asserts that, because the County Code entitles Bello to an appeal hearing, the County's refusal to provide that appeal hearing is a violation of the County Code. Bello asserts that, because the employment dispute arises out of the County Code (as opposed to the CBA), Bello may ask the circuit court directly to adjudicate the dispute.

F. *The County's Argument*

reinstatement rights during the postponement period. Bello agreed to the condition. On appeal, Bello argues that this "induced waiver" was improper. In light of our conclusion that all of Bello's allegations of County error should have been grieved, we do not reach this issue of waiver. On the same rationale, we do not address Bello's reinstatement argument under section 2-42(22) of the County Code.

8

Conversely, the County asserts that, because the CBA expressly incorporates the relevant provisions of the County Code – and identifies the section 2-47 appeal hearing as the exclusive avenue for an employee to appeal a dismissal – the County's refusal to provide Bello with an appeal hearing is an employment dispute "arising out of the interpretation or application" of the CBA. Thus, the CBA's grievance and arbitration procedure must be invoked to adjudicate the dispute.

### G. *Our Holding*

We agree with the County and the trial court that the employment dispute between Bello and the County in the instant case pitches the two parties into the CBA's administrative process. The County's act of terminating Bello's employment is not at issue here. The parties' dispute involves the County's refusal – whether right or wrong – to re-schedule Bello's section 2-47 appeal hearing. In Articles 7.2 and 7.3 of the CBA, the focus in the definition of a grievance is on the "dispute." A dispute arising out of the CBA is subject to the bargained-for grievance and arbitration process; a dispute subject to "other appellate procedures" provided in the County Code is not.

Importantly, Bello has not identified any appellate procedure in the County Code that addresses the instant dispute (i.e., whether the County should have rescheduled Bello's appeal hearing); hence, the dispute is not exempted from the grievance process pursuant to Article 7.3 of the CBA.

9

Based on the plain language of the CBA, which expressly incorporates section 2-47 of the County Code, Bello should have resorted to the CBA's grievance and arbitration procedure when the County refused to reschedule his appeal hearing. This conclusion is buttressed by well-established law and policy in Florida that when a public employee is represented by a labor union, the employee's dispute with his or her employer first must be addressed according to the terms of the bargained-for agreement. Public Health Trust v. Hernandez, 751 So. 2d 124, 125 (Fla. 3d DCA 2000) ("It is a well settled principal [sic] that a party, when bound by a collective bargaining agreement, must exhaust any administrative remedy prior to litigating in court.").[5]

## III. Conclusion

In this appeal, we cannot say whether the County was right or wrong in denying Bello an appeal hearing under section 2-47. We can and do say that if the County committed error, then the CBA's grievance and arbitration process was the prescribed means to examine it. Bello failed to exhaust his administrative remedies.

---

[5] The requirement to exhaust administrative remedies extends beyond the individual employee to the union, as well. See Miami Ass'n of Firefighters Local 587 v. City of Miami, 87 So. 3d 93 (Fla. 3d DCA 2012). From a judicial perspective, the exhaustion of administrative remedies is a prudent approach to dispute resolution because it allows the administrative process the opportunity to apply expertise and to correct its mistakes, if necessary.

We affirm the trial court's summary judgment for the County without prejudice to Bello filing a grievance with the County pursuant to the CBA.