# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1926
Lower Tribunal No. 14-21593
_____

**Darryl Deshazior,**
Appellant,

vs.

**School Board of Miami-Dade County, Florida etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Catherine A. Riggins, for appellant.

Walter J. Harvey, School Board Attorney, and Cristina Rivera Correa, Assistant School Board Attorney, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

EMAS, J.

In August 2014, Darryl Deshazior, an employee of the School Board of Miami-Dade County, Florida ("the School Board"), filed a complaint against the School Board, alleging a breach of the collective bargaining agreement. In February 2016, the School Board moved for summary judgment, supported by affidavits and other evidence, asserting that Deshazior's claim was barred by his failure to timely initiate and exhaust the grievance process mandated by the terms of the collective bargaining agreement; and that Deshazior failed to establish a prima facie case of breach of contract. The trial court entered final summary judgment in favor of the School Board, and Deshazior appealed.

The trial court properly determined that the affidavits submitted by the School Board were competent evidence and that the affidavits and other evidence were legally sufficient to conclusively establish the absence of any genuine issue of material fact. See Buzzi v. Quality Serv. Station, Inc., 921 So. 2d 14 (Fla. 3d DCA 2006); Alvarez v. Florida Ins. Guar. Ass'n, Inc., 661 So. 2d 1230, 1232 (Fla. 3d DCA 1995) (holding that an affidavit need not state that it is based upon personal knowledge where the affiant is shown to be in a position where he would necessarily possess such knowledge).

The trial court also determined that Deshazior failed to timely serve his notice of evidence in opposition to the School Board's summary judgment motion, and we find no abuse of discretion in excluding such evidence. See Fla. R. Civ. P.

2

1.510(c) (providing that evidence in opposition to summary judgment must be served at least five days prior to the day of the hearing or delivered no later than 5:00 p.m. two business days prior to the day of the hearing); Independent Fire Ins. Co. v. Rogers, 580 So. 2d 229 (Fla. 3d DCA 1991) (holding that trial court's decision not to consider untimely affidavit in opposition to motion for summary judgment was not an abuse of discretion); Binford v. City of Winter Springs, 969 So. 2d 1098, 1099 (Fla. 5th DCA 2007) (observing: "It is well established that an affidavit in opposition to summary judgment which is filed on the day of the summary judgment hearing is untimely and the trial court has discretion to disregard it.")

Given the absence of any genuine issue of material fact, all that remained for determination was an issue of law: the interpretation and application of the terms of the collective bargaining agreement. Upon our de novo review, Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000), we affirm the trial court's final summary judgment, and hold that the trial court properly determined that Deshazior's claim was barred by his failure to timely initiate the grievance process as mandated by the terms of the collective bargaining agreement, and his failure to exhaust that administrative remedy. See Bello v. Miami Dade Cty., Fla., 167 So. 3d 464, 469 (Fla. 3d DCA 2015) (holding: "It is a well settled princip[le] that a party, when bound by a collective bargaining agreement, must exhaust an

3

administrative remedy prior to litigating in court") (quoting <u>Public Health Trust v. Hernandez</u>, 751 So. 2d 124, 125 (Fla. 3d DCA 2000)). We find no merit in the other issues raised by Deshazior.

Affirmed.