# Third District Court of Appeal

## State of Florida

Opinion filed June 27, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1833
Lower Tribunal No. 11-3030
_____

**Antonio Roberts,**
Appellant,

vs.

**Miami-Dade County,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Teri Guttman Valdes, for appellant.

Abigail Price-Williams, Miami-Dade County Attorney, and William X. Candela and Eric A. Rodriguez, Assistant County Attorneys, for appellee.

Before LAGOA, FERNANDEZ and LUCK, JJ.

FERNANDEZ, J.

The plaintiff, Antonio Roberts (Roberts), appeals the trial court's order granting the defendant, Miami-Dade County's, motion for summary judgment.

We affirm. See Bello v. Miami-Dade County, 167 So. 3d 464 (Fla. 3d DCA 2015).

Roberts was a Miami-Dade County (County) police officer. He was also a member of the law enforcement bargaining unit represented by the Dade County Police Benevolent Association (PBA). The PBA has a collective bargaining agreement (CBA) with the County that governs the terms and conditions of employment of law enforcement personnel, including a police officer such as Roberts.

Roberts was arrested and indicted in 2008 on federal charges. He was notified of his dismissal via a letter dated September 18, 2008, signed by Miami-Dade Police Director Robert Parker. The letter advised Roberts that he was dismissed from employment with the Miami-Dade Police Department, effective September 26, 2008. The September 18, 2008 dismissal letter also notified Roberts that he had fourteen days from receipt of the letter to request in writing an appeal pursuant to Section 2-47 of the Miami-Dade County Code.

On September 25, 2008, Miami-Dade Police Sergeant Lorenzo Gilbert spoke with Roberts by phone about the termination letter signed by Police Director Parker, and Roberts confirmed that he was aware of his termination date but was unavailable to meet with Sergeant Gilbert that day. Sergeant Gilbert eventually met Roberts on September 27, 2008 and gave him the letter.

On October 8, 2008, Roberts's criminal defense attorney sent a letter to the County appealing Roberts's termination pursuant to Section 2-47 of the Miami-Dade County Code. This letter was received by the County on October 10, 2008 and date-stamped with this date. The County's Labor Management Division denied the request for an appeal hearing and advised Roberts that his request was untimely. Roberts did not file a grievance as required by the CBA.

On October 27, 2009, a Judgment of Acquittal was issued by the federal court in the federal criminal case in which Roberts was a defendant. Still, no grievance had been filed by Roberts regarding the denial of the appeal hearing. On March 19, 2010, Roberts's new counsel wrote to the County requesting temporary reinstatement and back pay for Roberts as a result of his acquittal. On April 14, 2010, a County Labor Management Specialist wrote to Roberts's new counsel and advised that the request for an appeal hearing under Section 2-47 of the Code would be processed for a hearing before a Hearing Examiner, but the only issue that would be considered was the timeliness of Roberts's request for an appeal.

The hearing took place in October 2010. In November 2010, the Hearing Examiner issued his decision to the parties. In the decision, the Hearing Examiner noted that the CBA makes the refusal to process an appeal or follow time limits expressly grievable. The Hearing Examiner concluded that the date of notice of termination to Roberts was September 25, 2008, and thus, Roberts's request for a

3

hearing received by the County on October 10, 2008 was untimely, as the hearing must be requested within fourteen days. Roberts did not file a grievance after the Hearing Examiner's determination.

In 2011, Roberts's counsel filed a complaint for declaratory and injunctive relief in state court seeking compliance with the temporary reinstatement provision of section 2-47 of the Code. During the remainder of 2013 and 2014, Roberts did not file a grievance under the CBA.

Roberts thereafter filed a motion for summary judgment in the trial court. A hearing was held in July 2017 on Roberts's motion. The trial court entered summary judgment for the County and against Roberts on all counts, finding that Roberts failed to exhaust his administrative remedies.

On appeal, Roberts contends that the County waived and/or should be estopped from arguing that Roberts had to file a grievance under the CBA because the County decided the issue of timeliness would be determined by the Hearing Examiner. Thus, Roberts contends, due to the election of remedy provision in the CBA, he could not appeal via a Section 2-47 hearing under the Code, then file a grievance under the CBA because he had to pick one or the other. We disagree with Roberts's position.

Article 3 E of the CBA provides that "refusal to (1) process an application or appeal, (2) follow time limits, (3) permit an employee a right to representation, or

4

(4) denial of a right to receive a reply, are expressly grievable." We believe that our opinion in <u>Bello</u> applies, as the facts of <u>Bello</u> are virtually indistinguishable from those in the case before us.

In <u>Bello</u>, a Miami-Dade County employee was dismissed in connection with criminal charges filed against him. <u>Bello</u>, 167 So. 3d at 466. The charges were eventually dismissed, but the County refused to conduct a hearing upon the employee's request, citing the employee's agreement not to seek further employment with the County in exchange for dismissal of the charges. <u>Id.</u> The employee in <u>Bello</u>, like Roberts, did not file a grievance attacking the County's refusal to hear his appeal. <u>Id.</u> at 466-67. The trial court held that the employee failed to exhaust his administrative remedies. <u>Id.</u> On appeal, this Court agreed and affirmed. <u>Id.</u> at 468-69.

We thus find <u>Bello</u> directly on point with the case before us. Like the employee in <u>Bello</u>, Roberts has failed to exhaust his administrative remedies. <u>Id.</u> at 469 (citing <u>Public Health Trust v. Hernandez</u>, 751 So. 2d 124, 125 (Fla. 3d DCA 2000) ("It is a well settled principal [sic] that a party, when bound by a collective bargaining agreement, must exhaust any administrative remedy prior to litigating in court.")). Roberts was bound by the terms of the applicable CBA, and when the Hearing Examiner determined that Roberts's notice of appeal had been filed out of time, Roberts's claim that the County was estopped from asserting the exhaustion

defense was unavailing. At that point, Roberts was required to file a grievance under the CBA, which he never did. <u>See</u> <u>City of Miami v. Fraternal Order of Police Lodge No. 20</u>, 378 So. 2d 20 (Fla. 3d DCA 1979). We therefore affirm the trial court's order granting the County's motion for summary judgment.

Affirmed.