# Third District Court of Appeal

## State of Florida

Opinion filed June 16, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-0057
Lower Tribunal Nos. 19-224AP, 17-16088CC

————————

**Oscal Rousseau,**
Appellant,

vs.

**Miami-Dade County,**
Appellee.

An appeal from the County Court for Miami-Dade County, Gina Beovides, Judge.

Torricella Law PLLC, and Maurice J. Baumgarten, for appellant.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Leona N. McFarlane, Assistant County Attorney, for appellee.

Before SCALES, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Oscal Rousseau, challenges an order dismissing his breach of contract lawsuit against appellee, his employer, Miami-Dade County, for lack of subject matter jurisdiction. "No principle is more firmly established than the requirement that, before resorting to the courts, one must pursue and exhaust any extrajudicial or administrative remedy which may provide the relief sought." City of Miami v. Fraternal Ord. of Police Lodge No. 20 of City of Miami, 378 So. 2d 20, 23 (Fla. 3d DCA 1979) (citations omitted). Here, bound by the expansive terms of a collective bargaining agreement between the County and American Federation of State, County and Municipal Employees, AFL-CIO, General Employees, Local 199, Rousseau, before resorting to the courts, was first required to attempt and exhibit "use of the contract grievance procedure agreed upon by employer and union as the mode of redress." Miami Ass'n of Firefighters Local 587 v. City of Miami, 87 So. 3d 93, 96 (Fla. 3d DCA 2012) (citation omitted); see Roberts v. Miami-Dade Cnty., 249 So. 3d 1309, 1311 (Fla. 3d DCA 2018) ("It is a well settled princip[le] that a party, when bound by a collective bargaining agreement, must exhaust any administrative remedy prior to litigating in court.") (quoting Public Health Tr. v. Hernandez, 751 So. 2d 124, 125 (Fla. 3d DCA 2000)); Deshazior v. Sch. Bd. of Miami-Dade Cnty., 217 So. 3d 151, 152 (Fla. 3d DCA 2017) (holding "the trial court properly determined that [the County

2

employee's] claim was barred by his failure to timely initiate the grievance process as mandated by the terms of the collective bargaining agreement, and his failure to exhaust that administrative remedy") (citation omitted); Koenig v. Tyler, 360 So. 2d 104, 106 (Fla. 3d DCA 1978) ("[T]he applicable law is clear that plaintiffs, having designated the Union to be their agent for collective bargaining purposes, are bound by agreements made by the Union on their behalf. To hold otherwise would make a shambles of all labor negotiations and would be a refutation of long experience in that field.") (citations omitted). Accordingly, we affirm the decision under review.

Affirmed.